◼ In the Matter of PHERBO REALTY CORPORATION, Appellant, v BOARD OF ASSESSORS OF TOWN OF FISHKILL et al., Respondents.

— In a proceeding pursuant to article 7 of the Real Property Tax Law, petitioner appeals from a judgment of the Supreme Court, Dutchess County (Sullivan, J.), dated December 8, 1983, which granted respondents' motion to dismiss the petition and denied petitioner's cross motion to extend its time to serve a note of issue.

Judgment affirmed, with costs.

It is clear that failure to strictly comply with section 718 of the Real Property Tax Law requires that this proceeding be dismissed (*Matter of Waldbaum's #122 v Board of Assessors,* 58 NY2d 818). There is no question that petitioner did not file a note of issue in connection with the notice of petition and petition served on August 8, 1979 until after the four-year limitations period had expired. Petitioner urges, however, that it had entered into a stipulation with respondents in September, 1982, extending its time to file the note of issue pending the outcome of another related matter on appeal to this court. Petitioner also claims that respondents should be equitably estopped from asserting the Statute of Limitations as a bar to its proceeding by virtue of their conduct and representations.

There is no merit to either of these contentions. The record does not establish any stipulation between the parties specifically extending the period in which petitioner had to file a note of issue. The agreement upon which petitioner relies was an oral request by respondents' attorney that petitioner await the outcome of a pending appeal on another related matter before filing the note of issue in the instant case. There was never any claim that the Statute of Limitations was discussed during this conversation. In any event, it is clear that a stipulation to extend the Statute of Limitations must be in writing or made in open court in order to bind the parties thereto (CPLR 2104; see, also, *Shanahan v Shanahan,* 92 AD2d 566, 568).

Nor is there any basis upon which to find that respondents are equitably estopped from asserting section 718 of the Real Property Tax Law as a bar to the instant proceeding. Settlement negotiations will not, by themselves, invoke the doctrine (*Procco v Kennedy,* 88 AD2d 761, affd 58 NY2d 804). In any event, the record shows that settlement negotiations had ceased nearly a year before the time to file the note of issue had expired, thus making it unreasonable for petitioner to have relied thereon. Moreover, there is no indication that respondents were attempting to deceive petitioner or prevent it from complying with section 718 of the Real Property Tax Law. Nor did respondents' attempt to reopen their offer to settle *after* the four-year period had elapsed revive petitioner's right to proceed on its petition

(*Matter of Waldbaum's #122 v Board of Assessors, supra,* p 820). It is clear that petitioner has failed to demonstrate that respondents acted in a manner so as to justify the application of the estoppel doctrine (see *Robinson v City of New York,* 24 AD2d 260). Titone, J. P., Lazer, Bracken and Boyers, JJ., concur.