In the Matter of DONALD NUCKEL, as Administrator of the Estate of JAMES NUCKEL, Deceased, Appellant, v ASSESSORS OF THE BOARD OF ASSESSMENT REVIEW FOR THE TOWN OF NICHOLS et al, Respondents. — Mikoll, J.

The issue before us is whether Real Property Tax Law § 718 requires the filing of a trial note of issue, or whether the filing of a motion note of issue is sufficient to avoid the mandated dismissal upon four years' delay of an assessment proceeding. Special Term granted a motion to dismiss the petition as abandoned. We hold that the proceeding was properly dismissed.

Real Property Tax Law § 718, entitled "When proceeding deemed abandoned", reads: "Unless a note of issue is filed and the proceeding is placed on the court calendar within four years from the date of the service of the petition or petition and notice, the proceeding thereon shall be deemed to have been abandoned and an order dismissing the petition shall be entered without notice and such order shall constitute a final adjudication of all issues raised in the proceeding, except where the parties otherwise stipulate or a court or judge otherwise orders on good cause shown within such four-year period."

Petitioner contends that he complied with the filing requirement as to the 1977 proceeding when he filed a motion note of issue on October 2, 1977 before Special Term and had the proceeding placed on the pretrial calendar pursuant to a rule of the Appellate Division, Third Department (22 NYCRR 862.5). While the matter languished on the pretrial calendar, a number of proceedings related to the petition ensued, including the commencement in 1980 of a second proceeding challenging an increase of assessment. On June 21, 1983, petitioner, who had assumed prosecution of the matter in place of his deceased father, filed a trial note of issue for both the 1977 and 1980 proceedings. On September 23, 1983, respondents Assessors of the Board of Assessment Review for the Town of Nichols and the Town of Nichols (hereinafter respondents) moved pursuant to Real Property Tax Law § 718 to dismiss the 1977 proceeding as abandoned; petitioner cross-moved on October 3, 1983 pursuant to Real Property Tax Law § 710 to consolidate the 1977 and 1980 proceedings. Respondents' motion to dismiss was granted.

This matter is controlled by *Matter of Waldbaum's #122 v Board of Assessors* (58 NY2d 818), in which the Court of Appeals held that Real Property Tax Law § 718 is couched in mandatory terms. Both its wording and its legislative history demonstrate that the four-year rule is to be rigidly enforced so as to avoid undue delay in resolving tax assessment proceedings. Petitioner's proposed interpretation would result in tax assessment matters remaining unresolved indefinitely upon transfer to the pretrial calendar. Neither the statute nor the Third Department's rule has such intention. We conclude, therefore, that not having filed a trial note of issue within four years of commencing the tax assessment review proceeding, Special Term was required to grant respondents' motion.

Order affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Levine and Harvey, JJ., concur.