■ In the Matter of SULLIVAN LAFARGE, a Division of LA-FARGE CORPORATION, Appellant, v TOWN OF MAMAKATING et al., Respondents. [683 NYS2d 344] —Yesawich Jr., J. Appeals (1) from an order of the Supreme Court (Torraca, J.), entered January 3, 1997 in Sullivan County, which, in five proceedings pursuant to RPTL article 7, granted respondents' motions to dismiss the petitions for failure to file a note of issue, and (2) from an order of said court, entered September 22, 1997 in Sullivan County, which denied petitioner's motion for reconsideration.

On July 27, 1989, petitioner, the owner of a gravel mine located in the Town of Mamakating, Sullivan County, brought a proceeding pursuant to RPTL article 7 challenging the 1989 tax assessment of a parcel of its real property. Additional proceedings were brought to challenge the 1990, 1991 and 1992 assessments of the same property, as well as the 1992 assessment of a different parcel. These last two petitions were filed

on July 22, 1992. During the ensuing years, discovery was conducted and settlement discussions—which evidently proved fruitless—took place. In March 1996, Supreme Court ordered the parties to exchange appraisal reports, for all of the proceedings, on or before July 19, 1996. Petitioner's report was timely filed, but respondent Town of Mamakating sought and obtained an extension of time, pursuant to which it filed its report on September 19, 1996.

Then, on October 3, 1996, respondents sought dismissal of each of the petitions on the ground that no note of issue had been filed within the time period for doing so, as established by RPTL former 718.* The motions were granted and petitioner appeals from that order, as well as from a subsequent order denying its motion for reconsideration.

The second appeal must be dismissed for, although petitioner suggests otherwise, we find its motion to have been one seeking reargument of Supreme Court's prior decision, the denial of which is not appealable (*see, Spa Realty Assocs. v Springs Assocs.*, 213 AD2d 781, 783). And, as the Court of Appeals, in *Matter of Waldbaum's #122 v Board of Assessors* (58 NY2d 818), clearly and unqualifiedly pronounced that "both [the] wording and [the] legislative history" of RPTL former 718 evince an intention that it be " 'rigidly applied irrespective of any and all circumstances' " (*id.*, at 820, quoting *Marco v Sachs*, 10 NY2d 542, 550), Supreme Court cannot be faulted for granting respondents' motions for dismissal (*see, Matter of Nuckel v Assessors of Bd. of Assessment Review*, 110 AD2d 1020, 1021). Also noteworthy in this regard is the fact that the statute expressly delineates, as an exception to its general premise, that relief may be granted by court order "on good cause shown *within [the] four-year period*" (RPTL former 718 [emphasis supplied]). Having explicitly limited the time during which this exception may be invoked, the Legislature must be presumed to have intended that the filing deadline not be judicially extended, even for "good cause", once that time period has elapsed (*see, Patrolmen's Benevolent Assn. v City of New York*, 41 NY2d 205, 208-209).

Nor are we persuaded that respondents are estopped from relying on RPTL former 718, due to their delay in seeking relief thereunder, or because they actively participated in the litigation prior to moving for dismissal. There has been no showing that respondents engaged in the type of misrepresen-

---

* Although the statute has since been amended, these proceedings—all of which were commenced prior to the amendment—are governed by the earlier version.

tation or concealment of material facts upon which an estoppel can be predicated (*see, Matter of Hayden v S & W Meat & Poultry*, 221 AD2d 823, 824-825); neither is there any indication that they attempted to deceive petitioner or to prevent it from complying with the statute (*see, Matter of Pherbo Realty Corp. v Board of Assessors*, 104 AD2d 1037, 1038, *lv denied* 65 NY2d 602).

Mikoll, J. P., Crew III, Spain and Graffeo, JJ., concur. Ordered that the order entered January 3, 1997 is affirmed, with costs. Ordered that the appeal from the order entered September 22, 1997 is dismissed.