OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
*803 On July 27, 1989, petitioner Sullivan LaFarge commenced a Real Property Tax Law (RPTL) article 7 proceeding against respondents Town of Mamakating, the Town’s assessors and its Board of Assessment Review, as well as against Sullivan County, challenging the 1989 tax assessment of a parcel of land located in the Town of Mamakating. Petitioner subsequently commenced tax assessment proceedings against respondents in 1990, 1991 and 1992 regarding the same parcel of land, and in 1992 regarding the assessment of a different parcel. From 1991 to 1996, the parties participated in several court conferences and settlement negotiations, made discovery requests, and filed appraisals.
On October 3, 1996, respondents moved to dismiss all of the petitions on the ground that petitioner failed to file notes of issue within the time period prescribed by RPTL former 718.* Petitioner opposed the motion arguing that because the parties had taken certain steps with respect to the proceedings from the filing of the first petition, mandatory dismissal pursuant to RPTL 718 would be contrary to the statute’s intent.
Supreme Court granted respondents’ motions and dismissed the petitions. The Appellate Division unanimously affirmed (257 AD2d 752). We now affirm the Appellate Division order.
RPTL former 718 states that,
“Unless a note of issue is filed and the proceeding is placed on the court calendar within four years from the date of the service of the petition or petition and notice, the proceeding thereon shall be deemed to have been abandoned and an order dismissing the petition shall be entered without notice * * * except where the parties otherwise stipulate or a court or judge otherwise orders on good cause shown within such four-year period.”
We reject petitioner’s contention that RPTL 718 should apply only when there has been a four-year period of complete inactivity and that RPTL merely requires that “some action” take place to indicate that the proceeding is alive. As we noted in Matter of Waldbaum’s #122 v Board of Assessors (58 NY2d *804 818, 819), the plain language of RPTL 718 is mandatory and applies “irrespective of any and all circumstances” {id., at 820 [internal citation omitted]). Indeed, the statute provides for an extension of the four-year period only when the parties otherwise stipulate or obtain a court order based on good cause within the four-year period. Because petitioner failed to avail itself of either option, the petitions must be dismissed.
Moreover, contrary to petitioner’s assertions, the legislative history does not compel a different result. RPTL former 718 was re-enacted to “restore the four year limitation for judicial proceedings to review tax assessments” after its repeal in 1966 led to the frequent pyramiding of several years of assessment review proceedings on the same parcel of land (sponsor’s Mem of Assembly Member Jonas, L 1976, ch 428, 1976 NY Legis Ann, at 346). As the legislative history notes, while such pyramiding was convenient and less costly to petitioners, it added congestion to court calendars and proved fiscally onerous for the taxing municipalities. Here, petitioner accumulated four years worth of tax assessment review proceedings without filing a note of issue with respect to any proceedings — conduct that re-enactment of RPTL 718 sought to eliminate.
Petitioner’s remaining contentions are either unpreserved or without merit.
Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
Order affirmed, with costs, in a memorandum.

 The instant proceedings were commenced before January 1, 1996. Thus, RPTL former 718 governs. While this provision was revised in 1995 and 1996 (L 1995, ch 693, § 2; L 1996, ch 503, § 3), language nearly identical to former section 718 appears in the current RPTL 718 (1).