■ In the Matter of PYRAMID CROSSGATES COMPANY, Appellant, v BOARD OF ASSESSORS OF THE TOWN OF GUILDERLAND et al., Respondents. (Proceeding No. 1.) In the Matter of PYRAMID CROSSGATES COMPANY, Appellant, v BOARD OF ASSESSORS OF THE TOWN OF GUILDERLAND et al., Respondents. (Proceeding No. 2.)

---

In the Matter of MONTALBA SQUARE ASSOCIATES, INC., Appellant, v BOARD OF ASSESSORS OF THE TOWN OF GUILDERLAND et al., Respondents. (Proceeding No. 3.) [756 NYS2d 316] —Spain, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), entered April 17, 2002 in Albany County, which, in three proceedings pursuant to RPTL article 7, granted respondents' motions to dismiss the petitions.

Petitioner Pyramid Crossgates Company (hereafter PCC) owns a retail shopping mall (hereinafter Crossgates Mall) located in the Town of Guilderland, Albany County. Petitioner Montalba Square Associates, Inc. (hereinafter MSA) formerly owned a single tax lot which is part of the mall property. Pursuant to RPTL article 7, PCC—by notices of petition dated July 29, 1996 and July 10, 1997, respectively—commenced tax certiorari proceedings alleging that respondents overassessed the mall property for the tax years 1996-1997 (hereinafter proceeding No. 1) and 1997-1998 (hereinafter proceeding No. 2).* By notice of petition dated July 10, 1997, MSA commenced a similar proceeding to challenge its assessment for the 1997-1998 tax year (hereinafter proceeding No. 3). On January 15, 2002, respondents moved to dismiss proceeding Nos. 2 and 3 on the ground that PCC and MSA failed to timely file notes of issue pursuant to RPTL 718 (2) (d). Two days later, respondents moved to dismiss proceeding No. 1 on the ground that, inter alia, PCC failed to file a statement of income and expenses pursuant to 22 NYCRR 202.59 (b) and (d). Supreme Court agreed with respondents and dismissed all three proceedings. Petitioners appeal and we now affirm.

A petitioner is obligated to file a note of issue within four years of commencement of a tax certiorari proceeding or else "the proceeding shall be deemed to have been abandoned and an order dismissing the petition shall be entered * * * except where the parties otherwise stipulate or a court or judge otherwise orders on good cause shown within such four-year period" (RPTL 718 [2] [d]). The Court of Appeals has rigidly interpreted this provision, stating that, based on its mandatory wording and legislative intent, it must be " 'applied irrespective of any and all circumstances' " (*Matter of Waldbaum's No. 122 v Board of Assessors of City of Mt. Vernon*, 58 NY2d 818,

---

* PCC previously commenced individual tax certiorari proceedings challenging assessments for the 1993-1994, 1994-1995 and 1995-1996 tax years. On October 10, 1995, for purposes of judicial economy, Supreme Court consolidated these proceedings. Although these other proceedings are not the subject of this appeal, the October 1995 consolidation order is relevant to one of petitioners' arguments on this appeal, discussed *infra*.

820, quoting *Marco v Sachs*, 10 NY2d 542, 550; *see Matter of Sullivan LaFarge v Town of Mamakating*, 94 NY2d 802, 804).

Even before a note of issue may be filed, where the subject of the proceeding is an income-producing property—which Crossgates Mall clearly is—"the petitioner shall have served on the respondent * * * a copy of a verified or certified statement of the income and expenses on the property for each tax year under review" (22 NYCRR 202.59 [b]). 22 NYCRR 202.59 (d) (1) reiterates this rule by stating that "[a] note of issue and certificate of readiness shall not be filed unless * * * the statement of income and expenses has been served and filed." In proceeding No. 1, PCC filed a note of issue on July 2, 1997. It is undisputed, however, that PCC did not file or serve a statement of income and expenses for the 1996-1997 tax year—the year at issue in proceeding No. 1—prior to filing the note of issue. As a result, PCC unquestionably failed to comply with 22 NYCRR 202.59 (b) and (d).

We reject PCC's assertion that Supreme Court abused its discretion in refusing to forgive its failure to comply with clear mandates (*see* RPTL 718 [2] [d]; 22 NYCRR 202.59 [b]). PCC did not file or serve a statement of income and expenses in the nearly six years between the commencement of proceeding No. 1 and respondents' motion to dismiss and, contrary to PCC's contentions, such neglect in filing an income and expense statement cannot be excused as a mere "technicality" in this case (*cf. Matter of Barron v Town of Esopus*, 246 AD2d 707, 707-708; *Matter of Caldor v Board of Assessors*, 142 AD2d 57, 59). An income and expense statement is critical to valuating property under the income approach to value method (*see e.g. Matter of Pyramid Crossgates Co. v Board of Assessors of Town of Guilderland*, 287 AD2d 866, 867, *lv dismissed* 98 NY2d 634) and is a condition precedent to investigating and auditing a petitioner's books and records (*see* 22 NYCRR 202.59 [c]). Crossgates Mall is an income-producing property, for which the income approach is "[i]ndisputably * * * the preferred method of valuation" (*Matter of Schachenmayr v Board of Assessors of Town of N. Elba*, 263 AD2d 731, 733). Thus, we find that PCC's failure—over a period exceeding four years—to file and serve a statement of income and expenses constituted a substantive defect which may have dramatically hindered respondents' ability to prepare for trial, preparation which generally includes—but is not limited to—the time consuming auditing or testing of the figures reported in the income and expense statement. Such an audit and the subsequent preparation of a municipality's appraisal report cannot begin until a

petitioner complies with 22 NYCRR 202.59 (b) and (d). For that reason and because the record is devoid of evidence to support PCC's claim that it filed an income and expense statement with Supreme Court subsequent to the filing of respondents' motion to dismiss, we decline PCC's request that this Court take judicial notice of such an untimely filing.

With respect to proceeding Nos. 2 and 3, petitioners neither filed notes of issue within four years of commencement nor obtained an extension of the filing period by stipulation or court order as statutorily required (*see* RPTL 718 [2] [d]). Still, they argue that this defect is not fatal because an October 1995 Supreme Court order consolidating tax certiorari proceedings involving previous tax years (*see supra* at n 1) tolled the four-year period. We disagree. That consolidation order related solely to the proceedings concerning tax years 1993-1994, 1994-1995 and 1995-1996 and has absolutely no bearing on proceeding Nos. 2 and 3. In fact, the petitions in proceeding Nos. 2 and 3 were not filed until nearly two years after the October 1995 consolidation order was issued. The consolidation order, moreover, makes no reference whatsoever to holding future proceedings in abeyance or to tolling the four-year filing requirement of RPTL 718 (2) (d).

Finally, we reject petitioners' assertion that the four-year period is tolled by the public policy underlying RPTL article 7. Although RPTL article 7 is remedial in nature and generally "is to be liberally construed in favor of affording judicial review" (*Matter of Delaware & Hudson Ry. Co. v McDonald*, 126 AD2d 29, 34, *appeal dismissed* 70 NY2d 693; *see Matter of Barron v Town of Esopus*, *supra* at 707-708), as noted above, the four-year filing requirement remains a mandatory provision and must be strictly applied (*see Matter of Sullivan LaFarge v Town of Mamakating*, 94 NY2d 802, 804, *supra*; *Matter of Waldbaum's No. 122 v Board of Assessors of City of Mt. Vernon*, 58 NY2d 818, 820 *supra*). We have considered and rejected petitioners' remaining contentions. Accordingly, we conclude that Supreme Court properly dismissed all three proceedings.

Mercure, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.