Matter of Rose Mount Vernon Corp. v Assessor of City of Mount Vernon (2003 NY Slip Op 51530(U))

[*1]

Matter of Rose Mount Vernon Corp. v Assessor of City of Mount Vernon

2003 NY Slip Op 51530(U)

Decided on December 29, 2003

Supreme Court, Westchester County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 29, 2003

Supreme Court, Westchester County
In The Matter Of ROSE MOUNT VERNON CORP., Petitioner,
against
THE ASSESSOR OF THE CITY OF MOUNT VERNON, THE BOARD OF ASSESSMENT REVIEW OF THE CITY OF MOUNT VERNON and THE CITY OF MOUNT VERNON, Respondents.
Index Numbers:20011/1996
15294/1997
15062/1998
14735/1999
16665/2000
14269/2001
19530/2002

Thomas A. McTigue, Esq.
Huff Wilkes, L.L.P.
Counsel for Respondents
Suite 525
50 Main Street
White Plains, N.Y. 10606
Gary Schuller, Esq.
Podell Schwartz Schecter & Banfield, LLP
Counsel for Petitioner
605 Third Avenue
New York, N.Y. 10158

THOMAS A. DICKERSON, J.
The following papers numbered 1 to 13 were read [ and oral argument heard on [*2]December 16, 2003 ] on this motion, brought on by Order To Show Cause, made by the Respondents seeking to vacate, pursuant to 22 N.Y.C.R.R. § 202.21(e), the Notes of Issue for the years 1996, 1997, 1998, 1999, 2000, 2001 and 2002 filed by Petitioner in these tax review assessment proceedings on the grounds that the Petitioner failed to serve income and expenses statements on Respondents in accordance with 22 N.Y.C.R.R. §§ 202.59(b),(d)(1) and failed to file said income and expenses statements with the Westchester County Clerk in accordance with 22 N.Y.C.R.R. § 202.59(d)(1). In addition to vacating all of the Notes of Issue as jurisdictionally defective, the Respondents seek dismissal of the tax assessment review proceedings for the years 1996, 1997, 1998 and 1999 pursuant to R.P.T.L. § 718(2)(d).
Papers Numbered
Order To Show Cause/Affirmation/Affidavit1-3
Affirmation In Opposition 6
Affirmation In Reply/Affidavit 10-11
Exhibits4-5, 7-9, 12-13
Background
The Petitioner seeks judicial review under Article Seven of the Real Property Tax Law [ " R.P.T.L. " ] of the Respondents' tax assessments for the years 1996, 1997, 1998, 1999, 2000, 2001 and 2002 of the property located at 2 Amsterdam Place, City of Mount Vernon, New York, Tax Map Page 165.80, Block 4039, Lot 17
[ " the Property " ].
Filing The Notes Of Issue
The Petitioner's Notes of Issue for tax assessment years 1996 and 1997 were filed with the Westchester County Clerk on or about November 30, 2000 [FN1]. Petitioner claims that it filed its Note of Issue for tax assessment year 1998 on October 1, 2002 [FN2] while the Respondents claim that the 1998 Note of Issue was filed with the Westchester County Clerk on November 30, 2000 [FN3]. The Notes of Issue for tax assessment years 1999, 2000, 2001 and 2002 were filed with the Westchester County Clerk on March 11, 2003 [FN4].
[*3]
Service Of The Income & Expenses Statements
22 N.Y.C.R.R. § 202.59(b) provides that " Before the note of issue...may be filed, the petitioner shall have served on the respondent, in triplicate... a copy of a verified or certified statement of the income and expenses on the property for each tax year under review ". 22 N.Y.C.R.R. § 202.59(d)(1) provides that
" A note of issue...shall not be filed unless...the statement of income and expenses has been served and filed ".
The 1996 & 1997 Statements
Petitioner claims to have mailed verified copies of the property's 1996 and 1997 income and expenses statements, in triplicate, to Anthony DeBellis, the Assessor of the City of Mount Vernon [ " DeBellis " ], on November 29, 2000 [FN5]. Petitioner also claims to have mailed a verified copy of the previously mailed 1997 income and expenses statement to DeBellis on September 26, 2002 [FN6]. DeBellis denies ever receiving the 1996 and 1997 income and expenses statements [FN7]. Petitioner has not filed herein an affidavit of service upon Respondents of the 1996 and 1997 income and expenses statements [FN8]. Petitioner also claims to have sent by " overnight mail " unverified copies of the 1996 and 1997 income and expenses statements to Respondents' counsel [*4]on December 8, 2003 [FN9].
In addition, Respondents assert that it is usual practice to serve income and expenses statements on Corporation Counsel and not the Assessor [ " service of income and expenses statements relating to real property tax certiorari proceedings would, in the ordinary course of practice, be made directly to the Corporation Counsel of the City of Mount Vernon or to our special counsel "[FN10] ] which is what Petitioner evidently did with its 1999, 2000, 2001 and 2002 Notes of Issue [FN11].
The 1998 Statement
Petitioner claims that it served the Respondents' counsel with a one page, unverified copy of the property's 1998 income and expenses statement on December 8, 2003 [FN12]. Respondents deny ever receiving the property's 1998 income and expenses statement in any form or at any time [FN13].
The 1999 Statement
Petitioner claims to have faxed to Respondent's counsel a copy, unverified and not in triplicate, of the property's 1999 income and expenses statement on February 12, 2002 [FN14] which Respondent's counsel acknowledges receiving [FN15] but without specifying when it was received.
The 2000, 2001 and 2002 Statements
Petitioner claims that it served " by overnight mail copies of ( the property's ) income and [*5]expense statements for the calendar years 1996 through 2002 " on December 8, 2003 [FN16] which Respondent's counsel acknowledges while noting that " only a single copy of each income and expense ( statement ) unaccompanied with any verifications " were actually received [FN17].
Filing Of The Income & Expenses Statements
22 N.Y.C.R.R. § 202.59(d)(1) provides that " A note of issue... shall not be filed unless...the statement of income and expenses has been served and filed ". Income and expenses statements for the subject income producing property were never filed with the Westchester County Clerk prior to or after the filing of the Notes of Issue for tax assessment years 1996, 1997, 1998, 1999, 2000, 2001 and 2002 [ " While true in a technical sense ( copies of the statements were not filed with the clerk )"[FN18] ].
Comparison Of Service & Filing Dates
1996 & 1997: The property's 1996 and 1997 Notes of Issue were filed with the Westchester County Clerk on or about November 30, 2000. The property's 1996 and 1997 income and expenses statements were never filed with the Westchester County Clerk. Verified copies in triplicate of these statements were, according to Petitioner, mailed to the Respondents' Assessor on November 29, 2000, which said Assessor denies ever receiving. On December 8, 2003 Petitioner's counsel sent by " overnight mail " a one page, unverified copy of the 1996 and 1997 income and expenses statements to Respondents' counsel.
1998: The property's 1998 Note of Issue was filed with the Westchester County Clerk on November 30, 2000 or October 1, 2002.
The property's 1998 income and expenses statement was never filed with the Westchester County Clerk. A one page, unverified copy of this statement was, according to Petitioner, mailed to Respondents' counsel on December 8, 2003, which Respondents' counsel denied ever receiving.
1999: The property's 1999 Note of Issue was filed with the Westchester County Clerk on March 11, 2003. The property's 1999
income and expenses statement was never filed with the Westchester County Clerk. A one page, unverified copy of this statement was, according to Petitioner, faxed to Respondent's counsel on February 12, 2002, which Respondents' counsel admits receiving but without specifying when. [*6]Petitioner also mailed a one page, unverified copy of this statement to Respondents' counsel on December 8, 2003.
2000, 2001, 2002: The property's Notes of Issue for 2000, 2001 and 2002 were filed with the Westchester County Clerk on March 11, 2003. The property's 2000, 2001 and 2002 income and expenses statements were never filed with the Westchester County Clerk. Petitioner mailed a one page, unverified copy of these statements to Respondent's counsel on December 8, 2003.

The March 4, 2003 Trial Scheduling Conference
A trial scheduling conference was held on March 4, 2003 followed by the issuance of a Scheduling Order on March 7, 2003 setting dates for the exchange of trial appraisals, a pre-trial conference and the commencement of trial [FN19]. Petitioner claims that at this conference " It was expressly agreed that for calendar purposes petitioner would immediately file notes of issue for the years not yet on the calendar ( 1999 through 2002 ) and thereafter furnish the income and expense data...respondents should not be heard to challenge the validity of the 2000, 2001 and 2002 notes of issues since they consented to filing in advance of service of the income and expenses statements "[FN20]. Respondents' recollection of this conference is somewhat different, however, in that " Petitioner's claim that the parties expressly agreed to waive the prerequisite service and filing of the income and expense statements prior to filing the notes of issue for 2000, 2001 and 2002, is completely unsupported... Respondents, in no manner whatsoever, have ever agreed to waive the mandatory rules of the court, were it even permissible. There is no Stipulation between the parties documenting this ' agreement ' "[FN21].
Prejudice To The Respondents
Respondents claim they have been prejudiced by " the petitioner's failure to file the requisite income and expense statement(s) timely "[FN22]. First, the Respondents have not been able to " prepare for trial ( including ) time consuming auditing and testing of the reported figures in the income and expense statement "[FN23]. Second, regarding the 1996 and 1997 tax assessment review proceedings " had Petitioner complied with the mandatory service and filing of the income and expense statements prior to the filing of the notes of issue, the City ( of Mount Vernon ) would have possessed the requisite data prior to November 2000 ( when the notes of [*7]issue were filed )...Respondents would have had the ability to review the financial status of the subject property at that time, make appropriate decisions regarding the assessment, and possibly avoid the build-up of numerous tax certiorari proceedings on the same property. The same holds true of each subsequent tax proceeding through 2002...the Petitioner has denied the Respondents, as well as the taxpayers of the City of Mount Vernon, who bear the burden of these tax certiorari claims, its ability to manage and dispose of cases when possible reductions may be warranted "[FN24]. Third, Respondents have incurred legal fees and the costs of retaining an appraiser to prepare a trial ready appraisal that may have been reduced or avoided if Petitioner's income and expenses statements had been timely served and filed. 
The Filing Requirements Need Not Be Enforced
In addition to invoking the doctrine of waiver and, by implication, the doctrine of equitable estoppel [FN25], Petitioner asserts that the filing requirements of 22 N.Y.C.R.R. § 202.59(d)(1) should not or need not be enforced because (1) " The court rules are conflicting on the question of filing the income and expense statement. Section 202.59(b)...says nothing about filing "[FN26], (2) " Filing...appears as an afterthought. The true purpose of 202.59(d) is more to generate revenue "[FN27], (3) " the purpose of the rule is primarily disclosure "[FN28], (4) the filing requirement is " purely ministerial and does nothing to further the purpose of the rule "[FN29], and (5) service of the income and expenses statements pursuant to 22 N.Y.C.R.R. §§ 202.59(b),(d)(1) on Respondents and/or their counsel is equivalent to or a substitute for filing with the Westchester County Clerk pursuant to 22 N.Y.C.R.R. § 202.59(d)(1) since " the purpose of the rule is primarily disclosure. That goal is met once the income and expenses information is served "[FN30].
DISCUSSION
Filing The Income & Expenses Statements
It is clear that Petitioner failed to file the property's income and expenses statements for [*8]the years 1996, 1997, 1998, 1999, 2000, 2001 and 2002 with the Westchester County Clerk prior to and after the issuance of all seven Notes of Issue. This failure constitutes a violation of the filing requirements of 22 N.Y.C.R.R. § 202.59(d)(1) and as a consequence the filed Notes of Issue for years 1996, 1997, 1998, 1999, 2000, 2001 and 2002 must be vacated pursuant to 22 N.Y.C.R.R. § 202.21(e).
Serving The Income & Expenses Statements

In addition, the Court finds that Petitioner has failed to timely serve Respondents or their counsel with triplicate and verified or certified copies of the property's 1996, 1997, 1998, 1999, 2000, 2001 and 2002 income and expenses statements. Although some effort was made by Petitioner's counsel to serve some income and expenses information on the Respondents or their counsel it is clear that some of the statements were never received and/or some were not verified or certified and/or some were not in triplicate and/or some were not served before the filing of their respective Notes of Issue. This failure constitutes a violation of the service requirements of 22 N.Y.C.R.R. §§ 202.59(b),(d)(1) and, as a consequence, and as a separate grounds, the Notes of Issue for years 1996, 1997, 1998, 1999, 2000, 2001 and 2002 must be vacated pursuant to 22 N.Y.C.R.R. § 202.21(e).
Prejudice To Respondents

The Court finds that Respondents have been prejudiced by the Petitioner's failure to timely serve and file income and expenses statements for the years 1996, 1997, 1998, 1999, 2000, 2001 and 2002 in the following respects. First, Respondents have been unable to adequately prepare for trial including, but not limited to, conducting an audit and preparing a trial ready appraisal. Second, the Respondents were denied the opportunity to review the financial status of the property, re-evaluate their position regarding assessment and avoid additional tax assessment review proceedings on the same property. Third, Respondents have incurred litigation costs and attorneys fees which may have been avoided or reduced by having the opportunity to address the financial basis of Petitioner's claims sooner rather than later [FN31].
The Service & Filing Requirements Must Be Enforced
As stated by the Appellate Division, Third Department in Matter of Pyramid Crossgates Company v. Board of Assessors, 302 A.D. 2d 826, 828, 756 N.Y.S. 2d 316 ( 3d Dept. 2003 ) " PCC did not file or serve a statement of income and expenses in the nearly six years between the commencement of the proceeding...and respondent's motion to dismiss...such neglect in filing an [*9]income and expense statement cannot be excused as a mere ' technicality '...An income and expense statement is critical to valuating property under the income approach to value method...and is a condition precedent to investigating and auditing a petitioner's books and records...Thus, we find that PCC's failure over a period exceeding four years-to file and serve a statement of income and expenses constituted a substantive defect which may have dramatically hindered respondents' ability to prepare for trial, preparation which generally includes-but is not limited to-the time consuming auditing or testing of the figures reported in the income and expense statement. Such an audit and the subsequent preparation of a municipality's appraisal report cannot begin until a petitioner complies with 22 NYCRR 202.59(b) and (d) " )].
Petitioner's assertions that the filing requirements of 22 N.Y.C.R.R. § 202.59(d)(1) should not or need not be enforced are without merit. First, the Respondents did not waive or stipulate to the waiver of the Petitioner's compliance with the service and filing requirements of 22 N.Y.C.R.R. §§ 202.59(b),(d)(1)[ See e.g., Matter of Pherbo Realty Corp. v. Town of Fishkill, 104 A.D. 2d 1037, 1038, 481 N.Y.S. 2d 110 ( 2d Dept. 1984 )( " The record does not establish any stipulation between the parties specifically extending the period in which petitioner had to file a note of issue..." ); Bergman v. Horne, 100 A.D. 2d 526, 528, 473 N.Y.S. 2d ( 2d Dept. 1984 )( " no stipulation was entered into between the parties concerning the four-year limitation " )]. Second, there is no basis for the application of the doctrine of equitable estoppel [ See e.g., Matter of LaFarge v. Town of Makakating, 257 A.D. 2d 752, 753, 683 N.Y.S. 2d 344 ( 3d Dept. 1999 )( " Nor are we persuaded that respondents are estopped from relying on RPTL former 718, due to their delay in seeking relief thereunder, or because they actively participated in litigation prior to moving for dismissal. There has been no showing that respondents engaged in the type of misrepresentation or concealment of material facts upon which an estoppel can be predicated " ); Matter of Pherbo Realty Corp. v. Town of Fishkill, 104 A.D. 2d 1037, 1038, 481 N.Y.S. 2d 110 ( 2d Dept. 1984 )( " Nor is there any basis upon which to find that respondents are equitably estopped... Settlement negotiations will not, by themselves, invoke the doctrine...there is no indication that respondents were attempting to deceive petitioner " )]. Third, there is no conflict between the service requirements of 22 N.Y.C.R.R. § 202.59(b) and the service and filing requirements of 22 N.Y.C.R.R. § 202.59(d)(1), the latter merely adding to the former. Fourth, Petitioner's musings on the nature and purpose of 22 N.Y.C.R.R. § 202.59(d)(1) as a revenue generator, a discovery device and a ministerial act of little consequence are without merit, particularly, given the policy of rigid enforcement in this area
[ See e.g., Matter of Waldbaum's #122 v. Board of Assessors, 58 N.Y. 2d 818, 819-820, 459 N.Y.S. 2d 263, 445 N.E. 2d 646 ( 1983 )( " Not only is section 718 of the Real Property Tax Law phrased in mandatory terms...[but] both its wording and its legislative history demonstrate the intention...' to have the rule rigidly applied irrespective of any and all circumstances ' " ); Matter of Pyramid, supra, at 303 A.D. 2d 827-828 ( " A petitioner is obligated to file a note of issue within four years of commencement of a tax certiorari proceeding or else ' the proceeding shall be deemed abandoned...' The Court of Appeals has rigidly interpreted this provision... ( and ) it must be ' applied irrespective of any and all circumstances '")]. Fifth, service of the income and expenses statements pursuant 22 N.Y.C.R.R. §§ 202.59(b),(d)(1) is not equivalent to nor a substitute for filing the income and expenses statements pursuant to 22 N.Y.C.R.R. § 202.59(d)(1). This particular argument is, however, moot since this Court has found that the [*10]Petitioner did not timely or properly serve any of the income and expenses statements on the Respondents before the filing of the respective Notes of Issue.
The 1996, 1997, 1998 & 1999 Tax Proceedings Must Be Dismissed
The failure to comply with the service and filing requirements of 22 N.Y.C.R.R. §§ 202.59(b),(d)(1) renders all Notes of Issue jurisdictionally defective and, hence, null and void. As a consequence the 1996, 1997, 1998 and 1999 tax assessment review proceedings herein must be dismissed as having been abandoned pursuant to R.P.T.L. § 718(2)(d)[ " Should the respondent fail to demand that the petitioner file a note of issue...within four years from the date of the commencement of the proceeding, and a note of issue has not otherwise been filed, the proceeding shall be deemed abandoned and an order dismissing the petition shall be entered...and such order shall constitute a final adjudication of all issues raised in the proceeding " ] [ See e.g., Matter of Waldbaum's #122 v. Board of Assessors, 58 N.Y. 2d 818, 819-820, 459 N.Y.S. 2d 263, 445 N.E. 2d 646 ( 1983 )( " Petitioner's failure to file a note of issue within four years from service of the 1997 petition or to obtain a stipulation or court order within the four-year period extending its time for filing required dismissal of that petition. Not only is section 718 of the Real Property Tax Law phrased in mandatory terms...[but] both its wording and its legislative history demonstrate the intention...' to have the rule rigidly applied irrespective of any and all circumstances ' " ); Matter of Pyramid, supra, at 303 A.D. 2d 827-828 ( " A petitioner is obligated to file a note of issue within four years of commencement of a tax certiorari proceeding or else ' the proceeding shall be deemed abandoned...' The Court of Appeals has rigidly interpreted this provision... ( and ) it must be ' applied irrespective of any and all circumstances '...Finally we reject petitioner's assertion that the four-year period is tolled by the public policy underlying RPTL article 7...the four-year filing requirement remains a mandatory provision and must be strictly applied " ); Matter of LaFarge v. Town of Makakating, 257 A.D. 2d 752, 753, 683 N.Y.S. 2d 344 ( 3d Dept. 1999 ); Matter of Pherbo Realty Corp. v. Town of Fishkill, 104 A.D. 2d 1037, 1038, 481 N.Y.S. 2d 110 ( 2d Dept.
1984 ); Bergman v. Horne, 100 A.D. 2d 526, 528, 473 N.Y.S. 2d ( 2d Dept. 1984 )( "...the 1977 proceeding was abandoned and...the petition for that tax year should be dismissed...no note of issue was filed and the proceeding was not placed on the court calendar within four years from the date of the service of the petition " )].
The Petitioner's filed Notes of Issue for the years 1996, 1997, 1998, 1999, 2000, 2001 and 2002 are vacated and the Petitioner's tax assessment review proceedings for the years 1996, 1997, 1998 and 1999 regarding the subject property are dismissed with prejudice.
[*11]
The foregoing shall constitute the Decision and Order of the Court.
Dated: White Plains, New York
 December 29, 2003
 HON. THOMAS A. DICKERSON
 SUPREME COURT JUSTICE
FOOTNOTES
Decision Date: December 29, 2003
Footnotes

Footnote 1: Affirmation of Thomas A. McTigue dated November 19, 2003 at p. 3, fn 1 [ " McTigue Aff. I " ]; Affirmation of Gary Schuller dated December 8, 2003, at para. 4 [ " Schuller Aff. " ]. 

Footnote 2: Schuller Aff. at para. 5.

Footnote 3: McTigue Aff. I at p. 3, fn 1.

Footnote 4: Schuller Aff. at para. 6; McTigue Aff. I at p. 3, fn 1. 

Footnote 5: Schuller Aff. at Ex. A.

Footnote 6: Schuller Aff. at Ex. C.

Footnote 7: Affidavit of Anthony V. DeBellis, Sr. sworn to November 14, 2003 [ " DeBellis Aff. I " ] at para. 5 [ " none of the income and expense records had been filed with our office from 1996 through 2003 " ]; Affidavit of Anthony V. DeBellis, Sr. sworn to December 15, 2003 [ " DeBellis Aff. II " ][ " relating to letters sent to me by Petitioner's counsel with income and expense statements, I have no record or any personal knowledge that any of these documents were ever received by either myself or my office...That based upon an additional search of this office and our office's records, it remains that none of the income and expense records had been filed with our office from 1996 through
2003 " ]. 

Footnote 8: McTigue Aff. II at para. 3 [ " An exhaustive review of both the records of this Court as well as the records of the City of Mount Vernon have indicated that no income and expenses statements have ever been filed. This failure is also plainly evident in the fact that no affidavits of service have ever been filed with the Court establishing proper service of such income and expense statements on the Respondents " ].

Footnote 9: Schuller Aff. at para. 13.

Footnote 10: DeBellis Aff. II at para. 4; McTigue Aff. II at para. 15
[ " Petitioner's counsel has always served its notes of issue and requests for judicial intervention upon the Corporation Counsel's office " ].

Footnote 11: McTigue Aff. I at para. 15, Ex. B.

Footnote 12: Schuller Aff. at para. 13.

Footnote 13: McTigue Aff. II. at para. 16 [ " On October 30, 2003, the Petitioner provided one faxed copy of the income and expense statements, also unverified, for years 1996, 1997, 1999 and 2001 ( 1998 was never furnished )" ].

Footnote 14:14. Schuller Aff. at Ex. B.

Footnote 15:15. McTigue Aff. II at para. 16 [ " As late as October 29, 2003, Respondents had in their possession one unverified faxed copy of the income and expense statement for 1999 only " ].

Footnote 16: Schuller Aff. at para. 13.

Footnote 17: McTigue Aff. II at para. 11.

Footnote 18: Schuller Aff. at para. 3.

Footnote 19: Scheduling Order of Justice Peter P. Rosato dated March 7, 2003.

Footnote 20: Schuller Aff. at para. 10.

Footnote 21: McTigue Aff. II at para. 17.

Footnote 22: McTigue Aff. II at para. 21.

Footnote 23: McTigue Aff. II at para. 21.

Footnote 24: McTigue Aff. II at para. 23.

Footnote 25: Schuller Aff. at para. 10.

Footnote 26: Petitioner's Memorandum of Law dated December 8, 2003
[ " Pet. Memo. " ] at p. 4.

Footnote 27: Pet. Memo. at p. 4.

Footnote 28: Pet. Memo. at p. 4.

Footnote 29: Pet. Memo. at p. 4.

Footnote 30: Pet. Memo. at p. 4.

Footnote 31: In future tax assessment review proceedings the parties are encouraged to raise the issue of jurisdictionally defective Notes of Issue and all other appropriate grounds for dismissing such proceedings at the trial scheduling conference.