Orange & Rockland Utils., Inc. v Assessor of Town of Haverstraw (2004 NY Slip Op 50718(U))

[*1]

Orange & Rockland Utils., Inc. v Assessor of Town of Haverstraw

2004 NY Slip Op 50718(U)

Decided on July 2, 2004

Supreme Court, Rockland County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 2, 2004

Supreme Court, Rockland County
ORANGE AND ROCKLAND UTILITIES, INC., Petitioner, SOUTHERN ENERGY BOWLINE, LLC., MIRANT NEW YORK, INC., MIRANT BOWLINE, LLC, THE
 against
ASSESSOR OF THE TOWN OF HAVERSTRAW THE BOARD OF REVIEW OF THE TOWN OF HAVERSTRAW and THE TOWN OF HAVERSTRAW Respondents, HAVERSTRAW-STONY POINT CENTRAL SCHOOL DISTRICT,
4346/96

James Barriere, Esq.
Couch & White LLP
Attorneys for Petitioners
540 Broadway
POB 22222
Albany, N.Y. 12201
Joseph Albert, Esq.
Albert & Albert
Former Attorneys for Petitioners
100 White Plains Road
Tarrytown, N.Y. 10591
Mark Lansing, Esq.
Hiscock & Barclay
Attorneys for Intervenor-Petitioner
50 Beaver Street
Albany, N.Y. 12207-2830
Jonathan Nye, Esq.
Whiteman, Osterman & Hanna
Attorneys for Respondents & Intervenor-Respondents
One Commerce Plaza
Albany, N.Y. 12260

Thomas A. Dickerson, J.
This matter involves a tax assessment review proceeding[FN1], commenced by the Petitioner, Orange & Rockland Utilities, Inc. [ " O&R " ] and the Intervenor-Petitioners, Southern Energy Bowline, LLC, Mirant New York, Inc. and Mirant Bowline, LLC [ " Mirant " ][ " Petitioners " ] seeking review and reduction of Respondents' [ the Assessor of the Town of Haverstraw, the Board of Review of the Town of Haverstraw and the Town of Haverstraw ( " Town " ) ] 1996 real property tax assessment of the Bowline Electric Generating Facility [ " Bowline facility " ]. Presently before the Court is the motion[FN2] of the Town and the Intervenor-Respondent, the Haverstraw-Stonypoint Central School District
[ " Respondents " ], seeking an Order, pursuant to Real Property Tax Law [ " RPTL " ] § 718, dismissing the Petitioner's 1996 tax assessment review proceeding for failing to timely file a Note of Issue.
[*2]Settlement Negotiations
In late 1998, Southern Energy Bowline, LLC [ " Southern " ] purchased the Bowline facility from O&R. In 1999, Southern and the Respondents entered into settlement negotiations, and by early 2000, it appeared the parties were on the verge of settling the tax assessment review proceedings for 1995 through 1999. Petitioners assert that on two occasions in July of 2000, Haverstraw Town Attorney, Sean D. Purdy, represented to O&R's attorney that all tax assessment review proceedings, including the 1996 proceeding, were settled. Based upon these representations the Petitioners decided not to file a Note of
Issue placing the 1996 tax assessment review proceeding on the tax certiorari trial calendar. On August 3, 2000, the parties executed a Memorandum of Agreement [ " the Settlement Agreement " ] seemingly settling these proceedings. However, by August 8, 2000, the Respondents decided they were not satisfied and rejected the Settlement Agreement.
Note Of Issue Filed Too Late
 On September 25, 2000, more than two months after the RPTL § 718 statutory deadline of July 22, 2000, O&R filed a Note of Issue and Request for Judicial Intervention regarding the 1996 tax assessment review proceeding. On October 4, 2000, Mirant moved to intervene in each of the pending tax assessment review proceedings. On October 19, 2000 Mirant moved for an order enforcing the Settlement Agreement that had been signed by the parties on August 3, 2000. Although the Respondents did not oppose Mirant's motions to intervene, they did cross-move to strike O&R's Note of Issue and 1996 tax assessment review proceeding as untimely, pursuant to RPTL § 718.
The Settlement Agreement Was Not Enforced

By orders dated November 10, 2000 the Supreme Court, J. Palella, granted Mirant's motion to intervene. However, the Court held in abeyance Respondents' cross-motion pending the determination of Mirant's motion to enforce the Settlement Agreement which was later denied in an order dated December 22, 2000. Subsequently, and upon renewal, the Supreme Court, J. Rosado, by decision dated November 20, 2001, granted Petitioners' motion to enforce the Settlement Agreement. However, The Appellate Division, Second Department reversed [ Matter of Orange and Rockland Utilities, Inc. v. Assessor of the Town of Haverstraw, 304 A.D. 2d 668, 670, 758 N.Y.S. 2d 151 ( 2d Dept. 2003 )( " The ( Memorandum of Agreement [ " MOA " ] ), which purports to settle the real estate tax certiorari proceedings involving the parties, lacks the following material terms: (1) the specific assessment reductions, (2) the particular properties affected and (3) the specific years in which the adjustments are to be made. Consequently, the MOA is unenforceable " )].
The Scope Of RPTL § 718
RPTL § 718 states in part that " 1. ...unless a note of issue is filed and the proceeding is [*3]placed on the court calendar within four years from the date of the commencement of the proceeding, the proceeding thereon shall be deemed to have been abandoned and an order dismissing the petition shall be entered without notice and such order shall constitute a final adjudication of all issues raised in the proceeding, except where the parties otherwise stipulate or a court or judge otherwise orders on good cause shown within such four-year period ".
RPTL § 718 Is Mandatory
 The Court of Appeals in Matter of Sullivan LaFarge v. Town of Mamakating, 94 N.Y.2d 802, 803-804, 701 N.Y.S.2d 308 (1999) rejected the argument " that RPTL 718 should apply only when there has been a four-year period of complete inactivity and that RPTL merely requires that
' some action ' take place to indicate that the proceeding is alive ". Referring to its earlier decision in Matter of Waldbaum's No. 122 v. Board of Assessors, 58 N.Y.2d 818, 819-820, 459 N.Y.S.2d 263 (1983), the Court stated that " the plain language of RPTL 718 is mandatory and applies 'irrespective of any and all circumstances' ". The Court also held that RPTL § 718 " provides for an extension of the four-year period only when the parties otherwise stipulate or obtain a court order based on good cause within the four-year period. Because petitioner failed to avail itself of either option, the petitions must be dismissed " [ See also Pyramid Crossgates Company v. Town of Guilderland, 302 A.D.2d 826, 756 N.Y.S.2d 316 (3d Dept. 2003)]. 
Intent Is Not An Issue

Petitioners claim that various settlement efforts undertaken by the parties over an extended period of time demonstrate that there was never any intent on the part of the Petitioners to abandon the 1996 tax assessment review proceeding. That, however, is not the issue to be determined, and this Court need not find an " intent to abandon " the proceeding. The issue is whether the proceeding must be dismissed, not because Petitioners decided to abandon it, but because they failed to file a Note of Issue within the requisite four-year period jurisdictionally mandated by RPTL § 718. The argument made by the Petitioners that their actions demonstrated no " intent to abandon " was expressly rejected by the Court of Appeals in Matter of Sullivan LaFarge, supra, at 94 N.Y.2d 803, the Court clearly stating that the language of the statute was mandatory.
Equitable Estoppel Argument Equally Without Merit
There is no basis herein for the application of the doctrine of equitable estoppel [ See Matter of Sullivan LaFarge v. Town of Makakating, 257 A.D. 2d 752, 753, 683 N.Y.S.2d 344 (3d Dept. 1999)
( " Nor are we persuaded that respondents are estopped from relying on RPTL former 718, due to their delay in seeking relief thereunder, or because they actively participated in litigation prior to moving for dismissal. There has been no showing that respondents engaged in the type of misrepresentation or concealment of material facts upon which an estoppel can be predicated "); [*4]Matter of Pherbo Realty Corp. v. Town of Fishkill, 104 A.D.2d 1037, 1038, 481 N.Y.S.2d 110 (2d Dept. 1984)( " Nor is there any basis upon which to find that respondents are equitably estopped...Settlement negotiations will not, by themselves, invoke the doctrine...there is no indication that respondents were attempting to deceive petitioner " )].
Petitioners' contentions that " but for " being misled by the Respondents, a Note of Issue would have been filed for the 1996 tax assessment review proceeding, is without the slightest merit. For example, the Petitioners' 1995 Note of Issue was filed on July 16, 1999. Nothing prevented the Petitioners from also filing a Note of Issue for their 1996 tax assessment review proceeding at the same time. Similarly, Mirant did not see fit to file a Note of Issue at any time subsequent to its purchase of the property in 1999. Mirant was aware that settlement negotiations were ongoing. Stated, simply, there is nothing in the record which would support a finding that Respondents either " concealed facts " or " actively attempted to deceive " the Petitioners thus justifying the application of the doctrine of equitable estoppel.
Public Policy Requires Dismissal
 Petitioners, arguing public policy, assert that the Court of Appeals has emphasized that the purpose of tax certiorari proceedings is to determine value thus precluding dismissals based on mere technicalities or irregularities [ citing Allied Corp. V. Town of Camillus, 80 N.Y.2d 351, 356, 590 N.Y.S.2d 417,419 (1992) ].
Recently, however, the Appellate Division, Third Department, in Matter of Pyramid Crossgates, supra, at 302 A.D.2d 826, [ citing Matter of Sullivan LaFarge v. Town of Mamakating, 94 N.Y. 2d 802, 701 N.Y.S. 2d 308 ( 1999 ) and Matter of Waldbaum's #122 v. Board of Assessors, 58 N.Y. 2d 818, 459 N.Y.S. 2d 263 ( 1983 ) ] rejected the concept that the four-year statutory period is tolled by the public policy underlying RPTL Article 7. The Court stated that " Although RPTL Article 7 is remedial in nature and generally 'is to be liberally construed in favor of affording judicial review'...the four-year filing requirement remains a mandatory provision and must be strictly applied ".
This Court has also recognized that notwithstanding the remedial nature of RPTL Article 7 there are circumstances under which tax certiorari statutes and regulations must be enforced [ See e.g. Matter of Rose Mount Vernon Corp. v. City of Mount Vernon, 1 Misc, 3d 906(A), 2003 WL 23112013 ( West. Sup. Dec. 29, 2003 )( dismissing petitions for failure to file and serve income and expense statements pursuant to requirements of 22 NYCRR 202.59 ); Nextel of New York, Inc. V. Village of Spring Valley,771 N.Y.S.2d 853, ___ Misc. 3d___ ( West. Sup. Feb. 02, 2004 ); SKM Enterprises, Inc. v. Town of Monroe , 2 Misc.3d 1004(A), 2004 WL 503485 ( West. Sup. Mar. 12,2004 )( failure to submit appraisal in accordance with court rules warrants dismissal of petition )].
Accordingly, Respondents' motion to strike the Note of Issue and dismiss the 1996 tax assessment review proceeding, pursuant to RPTL § 718, is granted.
[*5]
The foregoing constitutes the Decision and Order of the court.
Dated: July 2, 2004
 White Plains, N.Y.

____________________________
 THOMAS A. DICKERSON
 SUPREME COURT JUSTICE
TO: 
James Barriere, Esq.
Couch & White LLP
Attorneys for Petitioners
540 Broadway
POB 22222
Albany, N.Y. 12201
Joseph Albert, Esq.
Albert & Albert
Former Attorneys for Petitioners
100 White Plains Road
Tarrytown, N.Y. 10591
Mark Lansing, Esq.
Hiscock & Barclay
Attorneys for Intervenor-Petitioner
[*6]
50 Beaver Street
Albany, N.Y. 12207-2830
Jonathan Nye, Esq.
Whiteman, Osterman & Hanna
Attorneys for Respondents & Intervenor-Respondents
One Commerce Plaza
Albany, N.Y. 12260
ENDNOTES
 
Footnotes

Footnote 1: This 1996 tax assessment review proceeding is one of eight such proceedings covering the period 1995 through 2000. Starting with the 1999 assessment year two proceedings were commenced in each year, as the two petitioners, O&R and Mirant, filed separate petitions regarding the real property each entity owned.

Footnote 2: By " Motion to Dismiss " and accompanying " Memorandum of
Law ", Respondents, the Assessor of, the Board of Review of, and the Town of Haverstraw and the Intervenor-Respondent, the Haverstraw-Stonypoint Central School District, move this Court for an order dismissing the instant 1996 tax assessment review proceeding for failing to timely file a Note of Issue. The Petitioner and the Intervenor-Petitioners, Southern Energy Bowline, LLC, Mirant New York, Inc. and Mirant Bowline, LLC, submitted a " Memorandum of Law " in opposition to Respondents'
" Motion to Dismiss ". Respondents and the Intervenor-Respondent thereafter filed an " Affirmation " and " Reply Memorandum of
Law " in support of their " Motion to Dismiss ".