In the Matter of Eastgate Corporate Park, LLC, Appellant, v Assessor, Board of Assessment Review of the Town of Goshen et al., Respondents. [865 NYS2d 249]—

In six related tax certiorari proceedings, the petitioner appeals from an order of the Supreme Court, Orange County (Dickerson, J.), dated November 28, 2006, which granted the respondents' motion to vacate the notes of issue and dismiss the proceedings.

Ordered that the order is affirmed, with costs.

In these tax certiorari proceedings, the petitioner failed to comply with the mandatory language of 22 NYCRR 202.59 (b) and (d) (1) by completely failing to file the required income and expense statements, and further by failing to timely serve those statements on the respondents before filing the notes of issue. Moreover, the petitioner made no showing of good cause to excuse the errors (*see* 22 NYCRR 202.1 [b]), and did not make any attempt to correct the defects within the strictly enforced four-year period set forth in RPTL 718 (2) (d) (*see generally Matter of Sullivan LaFarge v Town of Mamakating,* 94 NY2d

802 [1999]; *Matter of Waldbaums #122 v Board of Assessors of City of Mount Vernon,* 58 NY2d 818; *Matter of Santa's Workshop, Inc. v Board of Assessors of Town of Wilmington,* 13 AD3d 1047 [2004]; *Matter of Pherbo Realty Corp. v Board of Assessors of Town of Fishkill,* 104 AD2d 1037 [1984]). Accordingly, contrary to the petitioner's contention, the Supreme Court properly granted the respondents' motion to vacate the notes of issue and dismiss the proceedings (*see Matter of Rose Mount Vernon Corp. v Assessor of City of Mount Vernon,* 15 AD3d 585 [2005]; *Matter of Pyramid Crossgates Co. v Board of Assessors of Town of Guilderland,* 302 AD2d 826 [2003]).

The petitioner's remaining contentions are without merit. Mastro, J.P., Balkin, and Leventhal, JJ., concur.

Spolzino, J., dissents, and votes to reverse the order appealed from and remit the matter to the Supreme Court, Orange County, for a new determination in accordance with the following memorandum.

Spolzino, J. (dissenting). In *Matter of Rose Mount Vernon Corp. v Assessor of City of Mount Vernon* (15 AD3d 585 [2005]), we held that a tax certiorari proceeding is properly dismissed where the petitioner fails to comply with the service and filing requirements of 22 NYCRR 202.59. My colleagues in the majority are willing to extend that holding to require dismissal solely for failure to comply with the filing requirement. In my view, such an extension is inconsistent with the principle, recognized in the same rules upon which the majority relies, that mistakes and omissions that cause no prejudice are to be overlooked. Applying that principle here, I would reverse the order of the Supreme Court, Orange County, granting the respondents' motion to vacate the notes of issue and dismiss the petitions and remit the matter to that court for consideration of the respondents' claim, which the Supreme Court did not reach, that the content of the income and expense statements was insufficient. I therefore dissent, respectfully.

The rule at issue here, which applies to tax certiorari proceedings in counties outside the City of New York, requires that in a proceeding with respect to the assessment of income-producing property, a note of issue may not be filed until the property owner has served upon the respondents "a statement that the property is not income-producing, or a copy of a verified or certified statement of the income and expenses on the property for each tax year under review" (22 NYCRR 202.59 [b]) and that "[a] note of issue and certificate of readiness shall not be filed unless all disclosure proceedings have been completed and the statement of income and expenses has been served and filed" (22 NYCRR 202.59 [d] [1]).

Here, the petitioner commenced three proceedings with respect to the 2001 assessment year on July 13, 2001, and three proceedings with respect to the 2002 assessment year on July 22, 2002. The petitioner filed notes of issue and certificates of readiness with respect to the proceedings on July 12, 2005. The petitioner served the requisite income and expense statements on the respondents three days later, on July 15, 2005, but did not file the statements at all. Approximately 13 months later, in August 2006, the respondents moved to vacate the notes of issue and dismiss the petitions on the ground that the petitioner had failed to satisfy the requirements of 22 NYCRR 202.59, and the Supreme Court granted the motion.

The rationale for our decision in *Matter of Rose* is simple. A note of issue must be filed in a tax certiorari proceeding "within four years from the last date provided by law for the commencement of the proceeding" (RPTL 718 [1]). If the note of issue is not timely filed, the proceeding must be dismissed (*see Matter of Sullivan LaFarge v Town of Mamakating,* 94 NY2d 802, 804 [1999]). The Uniform Rules for the Trial Courts require that financial statements with respect to income producing property be served and filed before a note of issue may be filed (*see* 22 NYCRR 202.59 [d]). As a result, a note of issue filed prior to satisfying these requirements is invalid and, where the deficiency is not cured before the time to file a note of issue has passed, the proceeding must be dismissed (*see Matter of Rose Mount Vernon Corp. v Assessor of City of Mount Vernon,* 15 AD3d 585 [2005]; *Matter of Pyramid Crossgates Co. v Board of Assessors of Town of Guilderland,* 302 AD2d 826, 828-829 [2003]).

We had no occasion in *Matter of Rose* to decide whether the failure to file, by itself, requires dismissal. There, the income statements had been neither served nor filed. Here, by contrast, although the statements were never filed, they were served upon the respondents, albeit after the notes of issue had been filed. As I see it, the distinction is critical.

Although the mandate of 22 NYCRR 202.59 is unequivocal on its face, it cannot be divorced from the balance of the Uniform Rules for the Trial Courts. The first section of those rules provides, except in two instances not applicable here, that "[f]or good cause shown, and in the interests of justice, the court in an action or proceeding may waive compliance with any of the rules in this Part" (22 NYCRR 202.1 [b]). The CPLR provides for such relief in even stronger terms, providing that where "a substantial right of a party is not prejudiced," the mistake or omission "shall be disregarded" (CPLR 2001). These provisions

express the strong public policy favoring the disposition of actions on the merits (*see Ahmad v Aniolowiski*, 28 AD3d 692 [2006]; *Sanchez v Serje*, 17 AD3d 562, 563 [2005]; *Capowski v Arlington Cent. School Dist.*, 14 AD3d 641 [2005]; *Encalada v City of New York*, 280 AD2d 578 [2001]; *Dye v Columbia*, 280 AD2d 513 [2001]; *Egrini v Brookhaven Mem. Hosp.*, 133 AD2d 610 [1987]; *Paul v Ascher*, 106 AD2d 619 [1984]), a policy which one learned commentator has described as "essential in an enlightened system of civil procedure that eschews the elevation of form over substance" (Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2001, at 26 [1997 ed]).

This policy applies even in tax certiorari proceedings (*see Matter of Miller v Board of Assessors*, 91 NY2d 82, 87 [1997]; *Matter of Great E. Mall v Condon*, 36 NY2d 544, 548 [1975]; *People ex rel. Di Leo v Edwards*, 247 App Div 331, 332 [1936]) and we have recognized to be a "well-settled axiom" (*Matter of Curiale v Board of Assessors of Town of Islip*, 236 AD2d 393, 394 [1997]) that "[t]he Tax Law relating to review of assessments is remedial in character and should be liberally construed to the end that the taxpayer's right to have his assessment reviewed should not be defeated by a technicality" (*Matter of Great E. Mall v Condon*, 36 NY2d at 548, quoting *People ex rel. New York City Omnibus Corp. v Miller*, 282 NY 5, 9 [1939]; *see People ex rel. New York Cent. & H. R.R. Co. v Cook*, 17 NYS 546, 548 [1891]). Based upon these principles, deficiencies that have been ignored in the absence of prejudice include defective verifications (*see Matter of Miller v Board of Assessors*, 91 NY2d 82 [1997]), defective authorizations (*see Matter of Curiale v Board of Assessors of Town of Islip*, 236 AD2d 393 [1997]), and even the failure to name a proper respondent (*see Matter of Great E. Mall v Condon*, 36 NY2d 544 [1975]).

Here, the petitioner made a mistake by failing to file the required statements. That mistake can be fatal to the petitions, however, only where it results in prejudice to the respondents (*see* CPLR 2001; 22 NYCRR 202.1 [b]). The respondents, however, do not even allege any prejudice resulting from the failure to file the statements. The prejudice they claim is the result of the failure to serve the statements prior to filing the note of issue. The facts in that regard, however, belie their contentions.

The respondents admit that the statements were mailed within three days of the filing of the notes of issue and do not deny that the statements were received. The respondents did not complain about the petitioner's failure to provide the state-

ments for approximately 13 months, until they made their motion to dismiss the petitions. Although the respondents' assessor asserted, in support of the motion, that the content of the statements is inadequate, there is no indication that he even looked at the statements prior to preparing his affidavit. Moreover, by that time, the respondents' right to seek verification of the content of the statements, in the form of an audit, had long since passed (*see* 22 NYCRR 202.59 [c]). On this record, any claim of prejudice to the respondents by reason of the petitioner's three-day delay in serving the statements approaches the specious.

There may be situations in which the failure to file the statements required by 22 NYCRR 202.59, or to serve those statements prior to filing the note of issue, may cause prejudice to the respondent. This, however, is not one of those situations. Until such a situation arises, I read 22 NYCRR 202.1 as permitting, and CPLR 2001 as commanding, that such mistakes be disregarded. For that reason, I dissent, respectfully.