■ TIMOTHY B. KELLY, JR., Respondent, v STATE OF NEW YORK, Appellant.—Order unanimously reversed, without costs, motion granted and claim dismissed without prejudice in accordance with opinion by Goldman, J. (Appeal from order of Court of Claims—dismiss claim.) Present—Cardamone, J. P., Simons, Dillon, Goldman and Witmer, JJ.

■ OLEAN URBAN RENEWAL AGENCY, Appellant, v MARGARET M. BURT, Individually and as Executrix of JOHN McAMBLEY, Deceased, Respondent, et al., Defendants.—Order unanimously affirmed, with costs. Memorandum: Plaintiff Olean Urban Renewal Agency appeals from an order denying its motion for a protective order against defendant's notice to discover appraisal reports of defendant's property prepared by Richard W. Bronstein and Frank Szeliga and directing plaintiff to produce such reports and permit defendant to copy them in this condemnation proceeding. After exchanging appraisals under circumstances wherein it had reason to know that its appraiser might not be able to testify, plaintiff obtained an order to use a new appraiser, Marvin W. Schrader, who in preparing his appraisal had access to the Bronstein and Szeliga appraisals, which were much higher than his appraisal. Regardless of Schrader's protestation to the contrary, defendant believes that in making his appraisal Schrader was guided in some respects by the Bronstein and Szeliga appraisals. Moreover, defendant suspects that Schrader, in making his appraisal after defendant submitted his appraisal to plaintiff, tailored his appraisal to meet it. Under these circumstances, we agree with Special Term that defendant's counsel should have the benefit of the Bronstein and Szeliga appraisals for use in cross-examining Schrader at the hearing before the Commissioners of Appraisal. We note that Special Term did not rule upon the admissibility of such appraisals into evidence before the commissioners; and we do not reach the question of their admissibility and use before the commissioners, for that may well depend upon events as they develop at the hearing. (Appeal from order of Cattaraugus County Court—protective order.) Present—Cardamone, J. P., Simons, Dillon, Goldman and Witmer, JJ.

■ JAMESTOWN GIRLS CLUB, INC., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 54774.)—Judgment unanimously affirmed, with costs. Memorandum: On this appeal the State questions only the before value adopted by the trial court and the comparability of the market data which the court accepted in determining before value. The dispute relates to the size of the comparables and the topography of the subject property, part of which consisted of "ravines" or "gullies". The State contends that it was improper to value the entire parcel by using residential comparables of smaller size. The trial court made appropriate size adjustments to the comparables and viewed the subject to familiarize itself with the topography. Under the circumstances, comparability was solely a question of fact. (Appeal from judgment of Court of Claims—appropriation.) Present—Cardamone, J. P., Simons, Dillon, Goldman and Witmer, JJ.