OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The only issue properly before us on this appeal is whether the Appellate Division erred in increasing the “full value” of the property leased to K-Mart (and thus reducing the judgment for tax overpayments to which petitioners are entitled) to reflect the excess of the rents paid to K-Mart by its sublessees over the rents paid by K-Mart to petitioners for the subleased space.
Special Term used income capitalization as the basis for computation of full value. What is capitalized in such a computation is, of course, the rental income of the property, not the sales resulting from business conducted on the property (People ex rel. Hotel Paramount Corp. v Chambers, 298 NY 372, 375). However, in determining rental income both the fixed rent and the overage are to be included. Since petitioners’ lease with K-Mart required K-Mart to include in the overage base “gross rent received by Tenant from any part of the premises sublet to others”, it was proper to include (as the record shows was done) the sublessees’ rents paid to K-Mart in determining the overage which was part of the total rent received by petitioners.
That, however, does not end the inquiry. Matter of Merrick Holding Corp. v Board of Assessors of County of Nassau (45 NY2d 538) recognizes that full value requires consideration of the interests of both landlord and tenant and, in an appropriate case, the addition of a leasehold bonus to the owner’s rental income in order to arrive at an appropriate base for capitalization. Special Term, *899 though it used the subtenants’ rentals in computing overage pursuant to petitioners’ lease with K-Mart, added nothing for leasehold bonus. The Appellate Division properly concluded, the K-Mart lease with petitioners having been made in 1947 and containing no escalation provision, that the principle of the Merrick case warranted addition of a leasehold bonus to arrive at the capitalization base.
What bonus should be added in a particular case is a matter for expert testimony, predicated upon, among other things, the relationship between the space covered by the subleases and the entire space covered by the overlease, as well as the rentals required by, and other operative provisions of, each. The bonus finally adopted by the trier of fact may be less than, the same as or greater than the excess of a subtenant’s rents over overlease rents for the same space.
It was, however, petitioners’ burden to establish that the property was overvalued (Matter of Trinity Place Co. v Finance Administrator of City of N. Y., 74 AD2d 274, affd 51 NY2d 890; Matter of Manufacturers Hanover Trust Co. v Tax Comm, of City of N. Y., 31 AD2d 606, affd 28 NY2d 514). Petitioners introduced no evidence concerning what an appropriate bonus would be. Respondent’s expert, using one of K-Mart’s subleases as a comparable rent, testified to an adjusted rental price of $4.18 per square foot for the over-all space. Neither Special Term nor the Appellate Division accepted that proposed rental, but the Appellate Division did accept the concept that the subleases required an upward adjustment of the actual rental income received by petitioners, under the Merrick principle.
Whether as a matter of real estate appraisal the proper bonus to be added in valuing petitioners’ property is the entire excess of the sublease rentals over the rents for the same space paid petitioners by K-Mart is not the issue before us. The Appellate Division having increased Special Term’s finding of value, our function is to ascertain which value is in accord with the weight of the evidence (Grant Co. v Srogi, 52 NY2d 496, 511). We cannot say, on the record before us, that it was an error of law for the Appellate Division to have concluded, as it did, that the excess *900 rent for the subleased space was an appropriate measure of the addition necessary to arrive at full value of the property (Matter of Trinity Place Co. v Finance Administrator of City of N. Y., 51 NY2d 890, supra).
The order of the Appellate Division should, therefore, be affirmed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.