■ In the Matter of FARONE & SON, INC., Appellant, v ROBERT Z. SROGI, as Commissioner of Assessment & Taxation of the City of Syracuse, et al., Respondents. — Judgment unanimously affirmed, without costs. Memorandum: In this tax certiorari proceeding involving the fair market value of a funeral home, the trial court correctly found that petitioner failed to present proper evidence of overvaluation. Petitioner's first appraisal was properly rejected because it assumed a highest and best use other than the existing use. "Property is assessed for tax purposes according to its condition on the taxable status date, without regard to future potentialities or possibilities and may not be assessed on the basis of some use contemplated in the future" (*Matter of Addis Co. v Srogi*, 79 AD2d 856, 857). Petitioner's second appraisal, utilizing the income capitalization approach was also correctly disregarded. In estimating income, the appraiser looked at the average net income from funerals multiplied by an average number of funerals, thus estimating the income of the business, not the income potential of the building. When using the income capitalization approach "[w]hat is capitalized in such a computation is, of course, the rental income of the property, not the sales resulting from business conducted on the property" (*Matter of Barnum v Srogi*, 54 NY2d 896, 898). Although the income approach is often a preferred method of valuing income-producing property, that approach is inappropriate here because the building is owner occupied and there are no comparable rentals. A better approach, therefore, is to look at comparable sales, even though the appraiser may have to go beyond the immediate locale (cf. *Matter of Great Atlantic & Pacific Tea Co. v Kiernan*, 42 NY2d 236.) (Appeal from judgment of Supreme Court,

Onondaga County, McLaughlin, J. — Real Property Tax Law, art 7.) Present — Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.