■ In the Matter of AVIS RENT A CAR SYSTEM, INC., et al., Respondents, v TOWN OF RYE et al., Appellants.—In a tax certiorari proceeding, the Town of Rye, the Assessor of the Town of Rye, and the Board of Review of the Town of Rye (hereinafter referred to collectively as the town) appeal from so much of a resettled order of the Supreme Court, Westchester County (Sullivan, J.), dated June 23, 1986, as denied their motion for an order directing the petitioners to serve a certified statement of income and expenses concerning a certain parcel of real property leased by the petitioners from the County of Westchester and situated within the Town of Rye.

Ordered that the resettled order is affirmed insofar as appealed from, with costs.

Contrary to the present contention of the town, the record establishes that the petitioners' payments made to the county pursuant to three concession agreements executed in or about 1977 did not constitute payments of rent for the use of a parking and servicing area for rental vehicles which was leased by the petitioners from the county in 1979. The 1977 concession agreements contain no reference to the subject property. Moreover, the payments based upon a percentage of each petitioner's annual gross revenues under these agreements are not referable to rental fees for any parcel of land, but instead constitute fees for conducting car rental businesses at concession booths situated within the Westchester County Airport terminal. Hence, the Supreme Court acted properly in denying the town's motion for a certified statement of the petitioners' business income and expenses, as such information is irrelevant to the valuation of the subject parking and servicing area (see generally, Matter of Barnum v

*Srogi,* 54 NY2d 896; *Matter of Farone & Son v Srogi,* 96 AD2d 711, *lv denied* 60 NY2d 556; *Matter of White Plains Props. Corp. v Tax Assessor of City of White Plains,* 58 AD2d 653; *Matter of Federated Dept. Stores v Podeyn,* 32 AD2d 823, *lv denied* 25 NY2d 739). Mollen, P. J., Bracken, Niehoff and Lawrence, JJ., concur.