In the Matter of THE SATURN CLUB, Respondent, v CITY OF BUFFALO, Appellant. [785 NYS2d 618]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Barbara S. Howe, J.), entered July 9, 2003 in a proceeding pursuant to RPTL article 7. The order and judgment determined the assessment on petitioner's property.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously modified on the law by providing that the tax assessments for tax years 2000-2001, 2001-2002, and 2002-2003 are $730,000 and as modified the order and judgment is affirmed without costs.

Memorandum: Respondent appeals from an order and judg-

ment that determined the tax assessment of petitioner's property to be $600,000 for the tax year 2000-2001, and $625,000 for the tax years 2001-2002 and 2002-2003. Contrary to the contention of respondent, the referee was within his discretion in crediting petitioner's appraisal even though petitioner's appraiser was a member of petitioner. Petitioner's appraiser disclosed the fact of his membership on direct examination and there is no evidence that his judgment was affected thereby in reaching his valuation conclusion. We agree with respondent, however, that the income capitalization approach used by petitioner's appraiser was flawed because it relied on the equivalent of income resulting from the business conducted on the premises (*see Matter of Barnum v Srogi*, 54 NY2d 896, 898 [1981]; *Matter of Farone & Son v Srogi*, 96 AD2d 711 [1983], *lv denied* 60 NY2d 556 [1983]). Here, petitioner's appraiser failed to take into account the market rents of comparable properties (*see generally Matter of Saratoga Harness Racing v Williams*, 91 NY2d 639, 644 [1998]; *Matter of Norton Co. v Assessor of City of Watervliet*, 3 AD3d 760, 761 [2004]) because, according to petitioner's appraiser, no such comparables existed. Where there are no comparable market rents, the better approach is to look at comparable sales (*see Farone & Son*, 96 AD2d at 711). Therefore, we disregard the income capitalization approach used by petitioner's appraiser.

Petitioner's appraiser and respondent's appraiser both used the comparable sales approach to valuing the property. Here, the referee credited the valuation of petitioner's appraiser, but found the analysis of respondent's appraiser so damaged by cross-examination that he placed "no reliance on his valuation analysis and conclusions." We see no reason to disturb that determination (*see Matter of City of New York [Nassau Expressway]*, 98 AD2d 166, 190 [1983]; *Matter of City of Rochester v BSF Realty*, 59 AD2d 1035, 1035-1036 [1977]; *Jamestown Girls Club v State of New York*, 57 AD2d 1049 [1977]). Petitioner's appraiser deemed the property worth $730,000 by the comparable sales approach, and that figure was accepted by the referee. We therefore modify the order and judgment by providing that the tax assessment of the property for each of the three disputed years is $730,000 (*see generally W. T. Grant Co. v Srogi*, 52 NY2d 496, 510 [1981]). Present—Hurlbutt, J.P., Kehoe, Gorski and Hayes, JJ.