OPINION OF THE COURT
John R. LaCava, J.
In this tax certiorari matter, respondent Town of Greenburgh (Town) seeks an order striking the notes of issue in each proceeding regarding the pending tax years commencing with 1999 and running through and including 2004, for petitioner club’s alleged failure to comply with its discovery obligations in a timely manner pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.59 (b) and (d) (1) and, upon the striking of those notes for said alleged discovery violation, to dismiss the petitions for each of the tax years 1999 through and including 2004, for failure of petitioner to timely file notes of issue for each of those tax years. Respondents Village of Dobbs Ferry (Dobbs) and Village of Irvington (Irvington) have likewise moved for the same relief relating to the tax years 1999 through and including 2003.
Respondent asserts that the club timely filed petitions challenging tax years 1999 through 2004. The petitioner then, in 2002, filed and served a note of issue relating to the 1999 petition upon respondents, which failed to state whether the subject was income-producing or not, and which was not accompanied by a statement of income and expenses pursuant to section 202.59 of the Uniform Rules for Trial Courts. Subsequently, respondent further asserts, the club timely filed and served notes of issue in the proceedings relating to tax years 2000, 2001, 2002, 2003 and 2004; on each occasion, petitioner stated, pursuant to section 202.59 of the Uniform Rules for Trial Courts, that the subject property was not an income-producing prop *1120 erty, and also failed to accompany the filing and service with statements of income and expenses. Finally, upon filing and serving the notes of issue for the 2007 and 2008 proceedings, petitioner described the property as income-producing.
Subsequently, in November 2008, respondent Town filed the instant motion to strike the club’s notes of issue for the proceedings relating to tax years 1999 through and including 2004, arguing that petitioner had failed to comply with the mandates of Uniform Rules for Trial Courts (22 NYCRR) § 202.59 (b), and (d) (1), by failing to timely provide proper income and expense statements for the subject property, an income-producing property, and urging that, upon the striking of the notes for said discovery failures, the petitions for each of the tax years 1999 through 2004 should be dismissed for failure of petitioner to timely file notes of issue for the proceedings for those tax years. Respondents Dobbs and Irvington have since moved for similar relief with respect to all of the petitions filed against them, namely tax years 2000 through and including 2003, based on the same alleged failure by petitioner.
Respondents all essentially assert that the recent Second Department decision in Matter of Eastgate Corporate Park, LLC v Assessor, Bd. of Assessment Review of Town of Goshen (54 AD3d 1036 [2d Dept 2008]) controls here. In Eastgate, this court (see Matter of Eastgate Corporate Park, LLC v Assessor, Bd. of Assessment Review of Town of Goshen, Sup Ct, Orange County, Nov. 28, 2006, Dickerson, J.) held that the failure to file income and expense statements as required of income-producing properties pursuant to Uniform Rules for Trial Courts § 202.59 (b), and failure to subsequently serve them, prior to filing a note of issue, requires striking of the improperly-filed note of issue, and, where more than four years have elapsed since the inception of the case, the matter must be dismissed. The Second Department affirmed that holding, and noted that, while such a failure by a petitioner may be excused for good cause shown, such showing must take place within the four-year limitations period of RPTL 718 (2) (d).
Eastgate is in fact only the last in a line of cases dealing with petitioners’ failures to file income and expense statements. As several respondents point out, compliance by petitioners with section 202.59 is the primary, if not sole, means of respondents’ gathering discovery in tax certiorari actions involving income-producing properties, and that therefore the lack of said discovery is highly prejudicial to them. Further, this court, in *1121 Matter of Rose Mount Vernon Corp. v Assessor of City of Mount Vernon (1 Misc 3d 906[A], 2003 NY Slip Op 51530[U] [Sup Ct, Westchester County, Dec. 29, 2003, Dickerson, J.]) and Matter of Midway Shopping Ctr. v Town of Greenburgh (11 Misc 3d 1071[A], 2006 NY Slip Op 50501[U] [Sup Ct, Westchester County, Mar. 29, 2006, Dickerson, J.]), the Second Department in affirming Rose Mount Vernon (15 AD3d 585 [2d Dept 2005]), and the Third Department in Matter of Pyramid Crossgates Co. v Board of Assessors of Town of Guilderland (302 AD2d 826 [3d Dept 2003]), have consistently held that the failure to timely comply with section 202.59 requires the striking of a note of issue and, where any petition is in excess of four years old, the dismissal pursuant to RPTL 718 (2) (d) of said petition for untimely filing of the note of issue.
RPTL 718 (2)
RPTL 718 (2) provides:
“Where a proceeding is commenced pursuant to this article to review the assessment of a parcel of real property which solely contains property which is not subject to the provisions of subdivision one of this section, a note of issue shall be filed in accordance with this subdivision. . . .
“(d) Should the respondent fail to demand that the petitioner file a note of issue pursuant to paragraph (c) of this subdivision within four years from the date of the commencement of the proceeding, and a note of issue has not otherwise been filed, the proceeding shall be deemed to have been abandoned and an order dismissing the petition shall be entered without notice and such order shall constitute a final adjudication of all issues raised in the proceeding, except where the parties otherwise stipulate or a court or judge otherwise orders on good cause shown within such four-year period.”
Uniform Rules for Trial Courts (22 NYCRR) § 202.59 (b), (d) (1) 22 NYCRR 202.59 (b), (c) and (d) provide
“§ 202.59 Tax assessment review proceedings in counties outside the City of New York; special rules . . .
“(b) Statement of income and expenses. Before the note of issue and certificate of readiness may be filed, the petitioner shall have served on the respondent, in triplicate, a statement that the property is not income-producing, or a copy of a verified or cer *1122 tified statement of the income and expenses on the property for each tax year under review. For the purposes of this section, a cooperative or condominium apartment building shall be considered income-producing property; an owner-occupied business property shall be considered income-producing as determined by the amount reasonably allocable for rent, but the petitioner is not required to make an estimate of rental income.
“(c) Audit. Within 60 days after the service of the statement of income and expenses, the respondent, for the purpose of substantiating petitioner’s statement of income and expenses, may request in writing an audit of the petitioner’s books and records for the tax years under review. If requested, the audit must be completed within 120 days after the request has been made unless the court, upon good cause shown, extends the time for the audit. Failure of the respondent to request or complete the audit within the time limits shall be deemed a waiver of such privilege. If an audit is requested and the petitioner fails to furnish its books and records within a reasonable time after receipt of the request, or otherwise unreasonably impedes or delays the audit, the court, on motion of the respondent, may dismiss the petition or petitions or make such other order as the interest of justice requires.
“(d) Filing note of issue and certificate of readiness; additional requirements.
“(1) A note of issue and certificate of readiness shall not be filed unless all disclosure proceedings have been completed and the statement of income and expenses has been served and filed.
“(2) A separate note of issue shall be filed for each property for each tax year.”
What is Income-Producing Property?
Of course, it is axiomatic that income and expense statements need not be filed and served prior to filing a note of issue where a property is not “income-producing.” No definition of the phrase appears in section 202.59 (or, indeed, its analogous provision, applicable within the City of New York, section 202.60). Indeed, the only statutory or code definition the court has located appears in Administrative Code of the City of New York § 11-208.1 (e), which requires “income-producing” property owners within the City of New York to submit income and *1123 expense statements annually to facilitate the assessment of those properties. The phrase is defined there as follows, “As used in this section, the term ‘income-producing property’ means property owned for the purpose of securing an income from the property itself. . . .”
Petitioner asserts that the subject property is “owner-occupied,” which is to say that petitioner itself is present on the premises and personally operates the business resident thereon, a golf club. However, does that status assist petitioner at all, since section 202.59 (b) further provides, as set forth above, that “an owner-occupied business property shall be considered income-producing as determined by the amount reasonably allocable for rent, but the petitioner is not required to make an estimate of rental income.” Petitioner cites in particular to Matter of White Plains Props. Corp. v Tax Assessor of City of White Plains (58 AD2d 653 [2d Dept 1977]) as supporting its argument that it is not an “income-producing property” within the reach of the rule. There, a challenge by Macy’s to the tax assessment on its then-White Plains store location, this court had declined to strike notes of issue filed without income and expense statements as directed by the predecessor to section 202.59, 22 NYCRR 678.3. This latter rule, like section 202.59, required the filing of a note of issue along with a statement addressing whether the property was income-producing or not, and, if so, a statement of income and expenses. The Second Department affirmed the denial of the motion to strike, holding that the rule was intended to expedite tax review proceedings, but did not alter the existing law on what was an income-producing property, and stating that “ ‘income producing’ applies only to income produced directly by the real estate, and not to income generated by a commercial business conducted thereon.” (58 AD2d at 654.)
White Plains has since been cited, including by the Second Department, in similar cases to deny motions by respondents seeking income and expense statements, where the property is owner-occupied. In Matter of Avis Rent A Car Sys. v Town of Rye (131 AD2d 568 [2d Dept 1987]), this court had denied a motion by respondents therein to compel petitioner Avis, the owner/occupier of several airport rental car concession facilities, to supply a certified statement of income and expenses. The Court, citing to White Plains, noted that Avis’ business income and expenses are “irrelevant to the valuation” of the rental facilities. The Avis Court also cited to Matter of Barnum v Srogi *1124 (54 NY2d 896 [1981]), Matter of Federated Dept. Stores v Podeyn (32 AD2d 823 [2d Dept 1969]), and Matter of Farone & Son v Srogi (96 AD2d 711 [4th Dept 1983]), all of which explicitly make the same point — that income and expenses from the rental of a property may generally be relevant for an appraisal, but that income and expenses attributable to a business located on a premises owned by the operator of the business generally are not relevant to valuation. It is also notable that Avis was decided just one year after 22 NYCRR 678.3 was renumbered and reenacted as the current section 202.59, with the explicit requirement that owner-occupied premises be considered income-producing “as determined by the amount reasonably allocable for rent,” although the petitioner “is not required to make an estimate of rental income.” (Uniform Rules for Trial Courts [22 NYCRR] § 202.59 [b].)
White Plains was also cited more recently by the Third Department in Matter of Norton Co. v Assessor of City of Watervliet (292 AD2d 672 [3d Dept 2002]). The premises there, a manufacturing plant, was owner-occupied, and the petitioner sought to comply with section 202.59 by verifying that the property was “not income-producing.” At trial, respondent objected to the admission of petitioner’s appraisal, reasoning that the appraiser could not use the income capitalization method to value the property if the property was not income-producing, as previously asserted. The trial court agreed and denied admission of petitioner’s appraisal, but the Third Department reversed, holding that income-producing is “a phrase synonymous with rental activity” and that “the property was owner-occupied and not incoming-producing in the sense that no rental activity was present” (at 673).
Consequently, while respondents are generally correct that the failure to provide income and expense statements for income-producing property can be fatal to a note of issue and, where the case is over four years old, to a petition as well, it has no such effect where the property is not income-producing, which phrase, the rule’s reference to owner-occupiers notwithstanding, per White Plains, Avis, Federated, and Norton, includes inter alia the property of an owner-occupier of a business. Thus, petitioner club was not required by section 202.59 to verify its business income and expenses prior to filing and service of a note of issue.
Income and Expenses Nevertheless Discoverable
Matter of Mill Riv. Club v Board of Assessors (48 AD3d 169 [2d Dept 2007]), cited by respondents, is not to the contrary. *1125 The main issue in Mill Riv. was the proper valuation of a golf course property, in particular the proper capitalization rate and the derivation of a proper market rent for the premises. Mill Riv. did not hold that not-for-profit golf courses such as the subject are income-producing properties; to the contrary, it only held that such properties are properly valued as income-producing properties, by use of the income capitalization method.
However, Mill Riv. is also significant for affirming the traditional method of appraising golf courses, first set forth in the unreported decision New Country Club of Garden City v Assessor, County of Nassau (Sup Ct, Nassau County, June 4, 1991, Rossetti, J.). In New Country Club, the court found that the net income to be computed for the premises under the income capitalization method relates to the rent which might be attributable to the property, which in turn is derived from the revenue generated by the course. Since operation of a not-for-profit golf course would inevitably show less revenue and, potentially, greater expenses (since operation is for the benefit of the members rather than with an eye to profit), the proper calculation of revenue would be under the assumption that the private, not-for-profit golf course would instead be operated as a public or semi-private for-profit golf course. This revenue would be used to generate a market rent, from which market expenses would be deducted, and the resulting net operating income would then be capitalized to show present market value.
The essence of this calculation, as argued by petitioner, is, of course, a hypothetical construction of revenue and expenses based on optimal operating conditions, rather than reliance on the actual income, expenses, and condition of the premises. Nevertheless, as the court in New Country Club noted, and as respondents properly argue, “the actual income of subject certainly provides valuable and usable data from which to derive market value.” Consequently, while production of an income and expense statement was not compelled here prior to filing of a note of issue under section 202.59, an income and expense statement is undeniably relevant and material to the appraisal problem for the subject golf course, and therefore, discoverable.
Discovery in Tax Certiorari Proceedings
CPLR 3101 (a) provides in part:
“(a) Generally. There shall be full disclosure of all matter material and necessary in the prosecution or *1126 defense of an action, regardless of the burden of proof, by:
“(1) a party, or the officer, director, member, agent or employee of a party;
“(2) a person who possessed a cause of action or defense asserted in the action.”
However, it is well-established that proceedings commenced pursuant to RPTL article 7 are special proceedings as provided for in CPLR article 4, and thus are governed by the discovery rules set forth in CPLR 408. (See Matter of Xerox Corp. v Duminuco, 216 AD2d 950 [4th Dept 1995] [“Because this proceeding was commenced pursuant to RPTL article 7, disclosure is governed by CPLR 408, which requires leave of court”].)
CPLR 408 provides
“§ 408. Disclosure
“Leave of court shall be required for disclosure except for a notice under section 3123.”
While the court is loath to permit discovery at this late date, not only is the income and expense data possibly of importance to respondents’ appraisers’ work, but the trial in this matter has already been delayed by the instant motion practice, which is partly due to respondents’ waiting until after the scheduled trial date to move for dismissal, despite their knowing well in advance of that date of possible dismissal grounds. Further, they likely were well aware that, beyond the possibility of moving to dismiss for petitioner’s alleged failure to comply with section 202.59, the income and expense information sought was subject to compulsory disclosure under CPLR 408 and article 31. Consequently, so long as an application is promptly made for the sought information, the court will treat the instant motion to strike the notes of issue for failure to serve income and expense statements, and thereupon to dismiss the petitions for untimely filing of notes of issue, as a motion by respondents seeking leave of court to compel disclosure of the subject’s income and expenses.
It is hereby ordered, that the motions by respondents for orders striking petitioner’s notes of issue for the proceedings relating to tax years 1999 through and including 2004, for failure to provide discovery, income and expense statements for each of the tax years at issue, in a timely manner, are hereby denied; and it is further ordered, that the respondents, individually or col *1127 lectively, are granted leave of court pursuant to CPLR 408 and article 31, to seek to compel production by petitioner, by way of a demand for discovery and inspection or otherwise, of an income and expense statement for the subject property, solely insofar as such action by respondents or any one of them to compel said disclosure is taken within 30 days of the instant order.