■ In the Matter of CORDELL CURIALE et al., Respondents, v BOARD OF ASSESSORS OF THE TOWN OF ISLIP et al., Appellants.

[652 NYS2d 779] —In consolidated proceedings pursuant to Real Property Tax Law article 7, title 1-A, to review real property tax assessments for the 1994-1995 tax year, the Board of Assessors of the Town of Islip and the Board of Assessment Review appeal from an order of the Supreme Court, Suffolk County (Werner, J.), dated March 22, 1995, which denied their motion to dismiss the petitions. Justice Goldstein has been substituted for the late Justice Hart (*see*, 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, with costs.

After timely filing complaints with respect to tax assessments for the 1994-1995 tax year in May 1994 (*see*, RPTL 524), the 780 homeowner/petitioners, represented by Tax Correction Agency, Inc. (hereinafter TCA), filed petitions for small claims assessment review (hereinafter SCAR) in July 1994. Attached to each SCAR petition was a copy of an authorization manifesting that the property owner had authorized TCA to prosecute the tax grievance on his or her behalf.

The authorizations at issue herein each provided, in pertinent part, as follows: "I hereby direct Tax Correction Agency, Inc. to process my Property Tax Reduction/Refund petition for 1994 immediately, pursuant to my rights guaranteed by the New York State Real Property Tax Law". Furthermore, immediately below the above quoted language appeared a signature line and a date line. In each of the subject authorizations, the date line reflected that the property owner had signed the form prior to January 1, 1994 (almost all reflect a date in Dec. 1993).

The Town moved to dismiss the subject SCAR petitions on the grounds that the authorizations in question were defective because they did not comply with RPTL 730 (6). The Supreme Court denied the Town's motion. We affirm.

RPTL 730 (6) provides as follows: "The [SCAR] petition may be made by a person who has knowledge of the facts stated therein and who is authorized in writing by the property owner to file such petition. *Such written authorization must be made a part of such petition and bear a date within the same calendar year during which the complaint is filed*" (emphasis added).

In determining whether the subject authorizations comply with RPTL 730 (6), we are mindful of the well-settled axiom that a taxpayer's right to the review of assessments should be construed liberally and should not be defeated by a technicality (*see, Matter of Great E. Mall v Condon*, 36 NY2d 544, 548). Viewing the subject controversy in this light, we find that the Supreme Court properly determined that the authorizations in question were sufficient to comply with the requirements of

RPTL 730 (6). As noted, the petitioners' tax complaints were timely filed prior to the fourth Tuesday of May in the calendar year 1994 (*see*, RPTL 524). Consequently, RPTL 730 (6) required that each of the subject authorizations "bear a date" within the 1994 calendar year. This requirement is met by virtue of the reference to 1994 which is evident in the body of the authorization.

Although the date line in each authorization reflects a date other than 1994, this fact is not dispositive. Indeed, the date reflects only the date on which the authorization was executed by the property owner. In enacting RPTL 730 (6), the Legislature did not mandate that the requisite authorization be *executed* within the same calendar year during which the tax complaint is filed. Rather, the statute requires only that the authorization "bear" a date within the same calendar year the complaint is filed. In this manner, the appellants represent, the Legislature was acting to eliminate the filing of unauthorized SCAR petitions and situations wherein stale authorizations would result in multiple SCAR petitions concerning the same parcel of real property. Significantly, these policy concerns are not disserved by upholding the validity of the subject authorizations because these authorizations would only be valid for tax complaints filed in 1994, and not for those filed in any subsequent year.

Accordingly, since the subject authorizations actually comply with the date stricture set forth in RPTL 730 (6), the Supreme Court properly denied the appellants' motion to dismiss. Miller, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.