[867 NYS2d 119]

In the Matter of Lara Sivin et al., Respondents, v Board of Assessors et al., Appellants.

Second Department, November 5, 2008

## APPEARANCES OF COUNSEL

*Lorna B. Goodman, County Attorney*, Mineola (*Gerald R. Podlesak* of counsel), for appellants.

*Robert Bichoupan P.C.*, Great Neck (*Robin S. Laveman* of counsel), for respondents.

## OPINION OF THE COURT

LIFSON, J.P.

This case, and the two companion cases decided herewith (*see Matter of Bailey v Board of Assessors*, 56 AD3d 466 [2d Dept 2008]; *Matter of Bichoupan v Board of Assessors*, 56 AD3d 466 [2d Dept 2008]), require us to determine whether dismissal of a Small Claims Assessment Review (hereinafter SCAR) petition is mandated where it has been served upon the assessing unit one day later than it was required to be served pursuant to Real Property Tax Law § 730 (8).

SCAR proceedings are governed by Real Property Tax Law §§ 729 through 739. Pursuant to Real Property Tax Law § 730 (3), a SCAR petition "shall be filed [with the County Clerk] within thirty days after the completion and filing of the final assessment roll containing such assessment [and the] . . . [f]ailure to file the petition within such time shall constitute a complete defense to the petition and the petition must be dismissed." Pursuant to Real Property Tax Law § 730 (8), the petitioner in a SCAR proceeding

> "shall mail a copy of the petition within ten days from the date of filing with the clerk of the Supreme Court to: [inter alia] (a) the clerk of the assessing unit named in the petition, or if there be no such clerk, then to the officer who performs the customary duties of that official . . . [s]ervice upon the

clerk of the assessing unit or other appropriate official specified in paragraph (a) of this subdivision shall be made by personal delivery or by certified mail, return receipt requested."

In this case, and in the two companion cases decided herewith, it is undisputed that the SCAR petitions were timely filed within 30 days of the filing of the final assessment roll, and further undisputed that they were personally served upon the clerk of the assessing unit 11 days after they had been filed. At the hearing scheduled for these proceedings, the appellants asked the Small Claims Tax Assessment Hearing Officer (hereinafter the hearing officer) to reject the SCAR petitions as jurisdictionally defective, based on the lack of compliance with RPTL 730 (8), for failure to serve the SCAR petitions upon the assessing unit within 10 days of filing. The hearing officer denied all of the SCAR petitions, finding that the service of the SCAR petitions upon the Board of Assessment Review of County of Nassau (hereinafter the Board of Assessment Review) 11 days after filing "did not fall within the timeliness required by NYS Real Property Tax Law section 730 [8]." The petitioners then commenced this RPTL article 7 and CPLR article 78 proceeding (see RPTL 736 [2]) seeking, inter alia, to annul those determinations. The Supreme Court agreed with the petitioners that the hearing officer erred in denying the SCAR petitions, based on the one-day delay in service of the petitions upon the Board of Assessment Review. The court thus annulled those determinations and remitted the matter to the hearing officer for a hearing, de novo review of the applications, and new determinations thereafter. We affirm and hold that a petitioner's failure to serve a SCAR petition upon the clerk of the assessing unit within 10 days of filing does not mandate denial of the petition.

The "Tax Law relating to review of assessments is remedial in character and should be liberally construed to the end that the taxpayer's right to have his assessment reviewed should not be defeated by a technicality" (*People ex rel. New York City Omnibus Corp. v Miller,* 282 NY 5, 9 [1939]). In *Matter of Great E. Mall v Condon* (36 NY2d 544, 547 [1975]), the Court of Appeals held that RPTL former 708, as it provided at the time the tax certiorari proceedings at issue there were commenced, was ambiguous as to the validity of service of the petitions on the deputy clerk of the assessing unit, and that

"[s]ince, due to the passage of time, a failure to serve the proper officers would result . . . in the

loss of the right to challenge the assessments, this ambiguity should not be construed to the detriment of the petitioners, particularly when, as here, no claim is made that a substantial right of a party has been prejudiced."

Moreover, the Court in *Matter of Great E. Mall* further held that, even though RPTL 704 (2) was clear and unambiguous as to the requirement that the pleading name either all the assessors by name or the relevant town as respondents, the petitioners' failure to comply with this technical pleading requirement, by naming only one of the assessors and failing to name the Town, did not mandate dismissal of the petition. Taking into account that the entity whose action was challenged received adequate notice of the commencement of the proceeding and that no substantial right of that entity would be prejudiced by disregarding the defect, the Court held that it should be disregarded and the petition decided on the merits.

Applying the reasoning of the Court of Appeals in *Matter of Great E. Mall v Condon* to the facts of the instant dispute, it is clear that the hearing officer's denial of the SCAR petitions for failure to strictly comply with RPTL 730 (8) was erroneous. It is uncontested in these matters that the assessing unit did, in fact, receive notice of the proceedings within the time contemplated by the Legislature. While it is true that RPTL 730 (8) requires service upon the assessing unit to be made within 10 days of filing of the SCAR petition, and in these matters, service was made on the 11th day after the SCAR petitions were filed, the petitioners correctly point out that the statute also permits service upon the assessing unit by certified mail, return receipt requested. It is beyond cavil that, had the SCAR petitions been served on the 10th day after they were filed, by certified mail, return receipt requested, they would not have been received any earlier than the 11th day after filing. As such, it cannot be said that the assessing unit received notice which was less than that to which it was entitled under the statute. Moreover, the appellants do not allege that they suffered any prejudice due to the personal service of the SCAR petitions upon the assessing unit 11 days after filing.

Also supportive of our holding is this Court's decision in *Matter of Curiale v Board of Assessors of Town of Islip* (236 AD2d 393 [1997]), which affirmed an order denying a motion to

dismiss a SCAR petition due to the failure to comply with RPTL 730 (6). That section of the statute requires that any writing pursuant to which a property owner authorizes a representative to prosecute a tax grievance in his or her behalf, "bear a date within the same calendar year during which the complaint is filed." The authorizations at issue there were signed and dated in December 1993, but the SCAR petitions challenged tax assessments for the 1994-1995 tax year. "[M]indful of the well-settled axiom that a taxpayer's right to the review of assessments should be construed liberally and should not be defeated by a technicality" (*Matter of Curiale v Board of Assessors of Town of Islip*, 236 AD2d at 394), and noting that the statute merely required that an authorization bear a date within the same calendar year during which an administrative assessment complaint is filed, this Court held that the authorizations sufficiently complied with RPTL 730 (6), inasmuch as the text in the body of the authorizations stated that they pertained to property tax refund petitions for 1994.

Finally, the petitioners persuasively argue that subdivision (8) of RPTL 730 does not include the mandatory dismissal language that is found in subdivision (3) of the statute, applicable to the time for the filing of the SCAR petition. This contention, relied upon by the Supreme Court, additionally supports our conclusion that a petitioner's failure, in a SCAR proceeding, to strictly adhere to the time limit for service of the SCAR petition upon the assessing unit, does not require denial of the petition or dismissal of the proceeding. In a proper case, where the assessing unit can establish that a petitioner's failure to comply with RPTL 730 (8) deprived it of adequate notice of the proceeding, thereby causing prejudice to a substantial right, it is within a hearing officer's discretion to deny a SCAR petition as untimely served. In this case, however, as well as in the two companion cases decided herewith, the hearing officer did not purport to exercise discretion, but rather determined that denial was mandatory in light of the petitioners' lack of strict compliance with RPTL 730 (8). This holding was error. Moreover, since the assessing unit received adequate notice of the commencement of the proceedings and suffered no prejudice due to the service of the SCAR petitions only one day after the deadline, the Supreme Court properly found that the petitioners' error was a technicality which ought to have been overlooked by the hearing officer, and, therefore, remitted the matters to the hearing officer for a

hearing, a de novo review of the merits, and new determinations thereafter.

Accordingly, the judgment is affirmed.

FLORIO, ENG and BELEN, JJ., concur.

Ordered that the judgment is affirmed, with costs.