■ In the Matter of Roustam Kaneev, Appellant, v City of New York Environmental Control Board, Respondent. [52 NYS3d 107]—

In a proceeding pursuant to CPLR article 78 to review two determinations of an administrative law judge, both dated May 15, 2008, which, after a hearing, found that the petitioner violated former Administrative Code of the City of New York §§ 27-118.1 and 27-147, and imposed penalties in the sums of $3,050 and $800, respectively, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Dufficy, J.), entered October 6, 2014, which granted the respondent's motion pursuant to CPLR 7804 (f) and 3211 (a) to dismiss the petition, denied the petition, and, in effect, dismissed the proceeding.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The petitioner is the owner of a legal two-family dwelling in Queens, where he also resides. On March 18, 2008, the New York City Department of Buildings (hereinafter the DOB) issued two notices of violation (hereinafter the March NOVs) alleging that the petitioner had violated former Administrative Code of the City of New York § 27-118.1 by altering the residence to provide for more than the legally approved number of families, and former Administrative Code of the City of New York § 27-147 by performing work without a permit. On May 13, 2008, a hearing was held before an administrative law judge (hereinafter the ALJ). In two determinations dated May

15, 2008, the ALJ found that the petitioner violated those former sections of the Administrative Code and imposed civil penalties in the total sum of $3,850. The ALJ's determinations were mailed to the petitioner on June 9, 2008. On or about June 27, 2008, the petitioner's attorney, pursuant to the instructions contained on the reverse side of the determinations, mailed a letter to the City of New York Environmental Control Board (hereinafter the ECB) appealing the ALJ's determinations. In a letter dated September 4, 2008, the ECB rejected the petitioner's "request for an appeal."

In early July 2008, the DOB served the petitioner with another notice of violation dated June 26, 2008 (hereinafter the June NOV), alleging, once again, that he was in violation of former Administrative Code § 27-118.1. On February 10, 2009, a hearing was held on the June NOV, and the ALJ sustained the June NOV. Thereafter, the petitioner appealed from that determination, and in a determination dated September 26, 2013, the ECB found that the petitioner was not in violation and dismissed the June NOV.

In a letter to the ECB dated October 21, 2013, the petitioner requested that the March NOVs be dismissed in light of the ECB's dismissal of the June NOV. In a letter dated November 8, 2013, the ECB stated that the petitioner had "exceeded the time limit for filing" an appeal, but if he believed that the appeal was rejected in error, he should submit documentation by November 18, 2013, because "[o]n that date the rejection will become final." In response, the petitioner sent the ECB a letter dated November 15, 2013, with documentation.

On April 8, 2014, the petitioner commenced this CPLR article 78 proceeding to review the ALJ's May 15, 2008, determinations on the March NOVs. The ECB moved pursuant to CPLR 7804 (f) and 3211 (a) to dismiss the petition. In an order and judgment (one paper) entered October 6, 2014, the Supreme Court granted the motion, denied the petition, and, in effect, dismissed the proceeding.

Contrary to the Supreme Court's determination, the petitioner did not fail to exhaust his administrative remedies. Generally, " 'one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law' " (*NYCTL 2009-A Trust v Tsafatinos*, 101 AD3d 1092, 1093 [2012], quoting *Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]). One of the exceptions to the exhaustion rule is where resort to an administrative remedy would be futile (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d at 57). Here, after the ALJ

mailed the May 15, 2008, determinations to the petitioner on June 9, 2008, his attorney timely sent the ECB a letter dated June 27, 2008, which complied with the instructions for filing an appeal that appeared on the reverse side of the ALJ's determinations. More than two months later, on September 4, 2008, the ECB notified the petitioner in writing that it was rejecting his appeal. The instructions for filing an appeal did not contain any language regarding the possible rejection of the appeal or the opportunity to seek an extension. Within one week of the petitioner sending his appeal letter to the respondent, he was served with the June NOV. Under these circumstances, we find that the petitioner attempted, in a timely manner, to exhaust his administrative remedies but was thwarted in that effort by the ECB's rejection of the appeal and the filing of the June NOV. Therefore, the Supreme Court erred in determining that the petition was subject to dismissal for failure to exhaust administrative remedies.

However, the Supreme Court properly granted that branch of the ECB's motion which was to dismiss the petition on the ground that it was time-barred. A proceeding pursuant to CPLR article 78 "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]; see *Hilburg v New York State Dept. of Transp.*, 138 AD3d 1062, 1063 [2016]). "There are two requirements for fixing the time when agency action is deemed final and binding. 'First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party' " (*Hilburg v New York State Dept. of Transp.*, 138 AD3d at 1063, quoting *Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]). Generally, a request for discretionary consideration does not serve to extend the statute of limitations or change a final determination into a nonfinal one (see *Kahn v New York City Dept. of Educ.*, 18 NY3d 457, 462 [2012]). "However, where 'the agency conducts a fresh and complete examination of the matter based on newly presented evidence,' an aggrieved party may seek review in a CPLR article 78 proceeding commenced within four months of the new determination" (*Matter of Riverso v New York State Dept. of Envtl. Conservation*, 125 AD3d 974, 977 [2015], quoting *Matter of Quantum Health Resources v DeBuono*, 273 AD2d 730, 731-732 [2000]).

Here, the ECB conducted a fresh and complete examination

of the matter in response to the petitioner's October 21, 2013, letter, in which he sought dismissal of the March NOVs due to the ECB's dismissal of the June NOV. In its responsive letter to the petitioner dated November 8, 2013, the ECB expressly stated that the rejection of the appeal would become final on November 18, 2013. Thus, contrary to the Supreme Court's finding that the ECB's determination became final on September 4, 2008, it actually became final on November 18, 2013. Nonetheless, the proceeding was time-barred since the petitioner commenced this proceeding on April 8, 2014, more than four months after the determination became final on November 18, 2013.

The parties' remaining contentions either are without merit, are improperly raised for the first time on appeal, or have been rendered academic by our determination. Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.