Matter of Swinton v United Fedn. of Teachers (2021 NY Slip Op 04916)





Matter of Swinton v United Fedn. of Teachers


2021 NY Slip Op 04916


Decided on September 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-02700
 (Index No. 1936/17)

[*1]In the Matter of Wilma Swinton, appellant, 
v
United Federation of Teachers, Local 2, American Federation of Teachers (AFT), American Federation of Labor and Congress of Industrial Organizations (AFL-CIO), et al., respondents.


Wilma Swinton, Bronx, NY, appellant pro se.
Robert T. Reilly, New York, NY (Antonio M. Cavallaro of counsel), for respondent United Federation of Teachers, Local 2, American Federation of Teachers (AFT), American Federation of Labor and Congress of Industrial Organizations (AFL-CIO).
Georgia M. Pestana, Corporation Counsel, New York, NY (Devin Slack and Elina Druker of counsel), for respondent Board of Education of the City School District of the City of New York.
David P. Quinn, Albany, NY (Ellen M. Mitchell of counsel), for respondent Public Employment Relations Board.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a decision of an administrative law judge dated December 12, 2016, which, after a hearing, dismissed the petitioner's improper practice charge against the respondent United Federation of Teachers, Local 2, American Federation of Teachers (AFT), American Federation of Labor and Congress of Industrial Organizations (AFL-CIO), the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated December 21, 2017. The order and judgment granted the separate motions of the respondents United Federation of Teachers, Local 2, American Federation of Teachers (AFT), American Federation of Labor and Congress of Industrial Organizations (AFL-CIO), Board of Education of the City School District of the City of New York, and Public Employment Relations Board to dismiss the petition insofar as asserted against each of them, denied the petition, and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with one bill of costs.
The petitioner is a former school secretary who was employed by the respondent Board of Education of the City School District of the City of New York (hereinafter the DOE). After advising her union, the respondent United Federation of Teachers, Local 2, American Federation of Teachers (AFT), American Federation of Labor and Congress of Industrial Organizations (AFL-CIO) (hereinafter the union), of alleged harassment by her supervisors, the union informed her that it would not file a special complaint with the DOE on her behalf. Thereafter, the petitioner filed an improper practice charge with the respondent Public Employment Relations Board based on the union's alleged violation of its duty of fair representation under Civil Service Law § 209-a. In a decision dated December 12, 2016, after a hearing, an administrative law judge (hereinafter ALJ) [*2]dismissed the petitioner's improper practice charge.
In June 2017, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the ALJ's decision. The respondents separately moved to dismiss the petition insofar as asserted against each of them. In an order and judgment dated December 21, 2017, the Supreme Court granted the respondents' separate motions, denied the petition, and dismissed the proceeding. The petitioner appeals.
Generally, a party who objects to the determination of an administrative agency is required to exhaust all available administrative remedies before seeking judicial review (see Matter of Trump Presidential, Inc. v NYC Dept. of Hous. Preserv. & Dev., 170 AD3d 866, 867; Matter of Shahid v City of New York, 144 AD3d 1163, 1164). Here, administrative review of the ALJ's decision dismissing the charge of improper practice was available (see 4 NYCRR 213.2, 213.10). The petitioner, having failed to seek such review, failed to exhaust her administrative remedies (see Matter of Jardim v New York State Pub. Empl. Relations Bd., 265 AD2d 329). Further, the petitioner failed to establish that an exception to the exhaustion of administrative remedies was applicable. Accordingly, the Supreme Court properly granted the respondents' separate motions to dismiss the petition insofar as asserted against each of them, denied the petition, and dismissed the proceeding.
In light of our determination, we need not reach the respondents' remaining contentions.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court