Matter of Indeck-Corinth L.P. v Assessor for the Town of Corinth (2022 NY Slip Op 02327)

Matter of Indeck-Corinth L.P. v Assessor for the Town of Corinth

2022 NY Slip Op 02327

Decided on April 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 7, 2022

533140
[*1]In the Matter of Indeck-Corinth Limited Partnership, Respondent- Appellant,
v
Assessor for the Town of Corinth et al., Appellants- Respondents.

Calendar Date:February 8, 2022

Before:Garry, P.J., Egan Jr., Pritzker, Colangelo and Ceresia, JJ.

Lewis & Greer, PC, Poughkeepsie (Dylan C. Harris of counsel), for appellants-respondents.
Bond, Schoeneck & King, PLLC, Syracuse (Jonathan B. Fellows of counsel), for respondent-appellant.

Ceresia, J.
Cross appeals from an order of the Supreme Court (J. Walsh, J.), entered January 27, 2021 in Saratoga County, which, in five proceedings pursuant to RPTL article 7, among other things, partially denied respondents' motion for summary judgment dismissing the petitions.
In 1991, petitioner entered into a payment in lieu of tax (hereinafter PILOT) agreement with the Corinth Industrial Development Agency (hereinafter the IDA) for the purpose of developing a power generation plant. Under the PILOT agreement, the property in question would be exempt from real property taxes for the duration of the agreement. It was agreed that, in lieu of property taxes, petitioner would make annual payments to the IDA for redistribution to the appropriate taxing entities during the construction and operation of the facility. Petitioner, which held a ground lease on the property, assigned its lease to the IDA, a tax-exempt entity (see General Municipal Law § 874 [1]). Construction of the facility commenced in 1991 and operations began in 1995. In 2004, a second parcel, containing a distilled water production plant, was made part of the parties' agreement. In 2016, following the conclusion of the PILOT agreement's term, respondents notified petitioner that the premises, consisting of the two parcels (hereinafter the property), were being removed from the tax-exempt roll and had been assessed for tax purposes. Petitioner paid the taxes owed but also filed a grievance complaint pursuant to RPTL 524, alleging that the assessment was excessive, unequal and unlawful. Petitioner filed additional grievance complaints in 2017, 2018 and 2019, but not in 2020. Each of petitioner's grievance complaints was denied and, following the respective denials, petitioner commenced RPTL article 7 proceedings for the years 2016 through 2019. In October 2020, petitioner also sought judicial review of the 2020 tax assessment of the property even though it did not file a grievance complaint for that tax year.
After extensive discovery and an unsuccessful mediation, respondents moved for summary judgment dismissing each of the petitions on the ground that petitioner lacked standing to challenge the assessments. More specifically, respondents argued that petitioner failed to meet the requirements of RPTL 524 (3), as a condition precedent to suit, in that it was the IDA, not petitioner, that was the record owner of the property, and petitioner failed to include written consent from the IDA in its grievance complaints. Respondents also sought dismissal of the 2020 petition on the ground that petitioner had not filed a grievance complaint for that year. Petitioner opposed and cross-moved to amend the petitions to, among other things, include causes of action pursuant to CPLR article 78, claiming that respondents unlawfully removed the parcels from the tax-exempt roll despite the lack of any formal transfer of ownership from the IDA to petitioner.
Supreme Court denied respondents' motion [*2]for summary judgment with respect to the 2016 through 2019 petitions, finding that petitioner had established standing to challenge the tax assessments. However, the court granted that portion of respondents' motion that sought dismissal of the 2020 petition on the ground that no underlying grievance complaint had been filed. As for the cross motion, the court denied that portion of it which sought to add CPLR article 78 causes of action. Respondents appeal and petitioner cross-appeals.
Turning first to the petitions for the years 2016 through 2019, we find that the doctrine of judicial estoppel bars respondents from asserting that petitioner lacked standing to challenge the tax assessments based upon an alleged lack of ownership.[FN1] "[J]udicial estoppel precludes a party from taking a position in one legal proceeding which is contrary to that which [the party] took in a prior proceeding, simply because [the party's] interests have changed" (Matter of Edson v Southold Town Zoning Bd. of Appeals, 102 AD3d 687, 688 [2013] [internal quotation marks and citations omitted]). Judicial estoppel may be imposed against the government (see e.g. Shepardson v Town of Schodack, 83 NY2d 894, 895-896 [1994]; Town of Caroga v Herms, 62 AD3d 1121, 1124 [2009], lv denied 13 NY3d 708 [2009]; Matter of Flink v Town of Mamaroneck, 129 AD2d 579, 579 [1987]), including a taxing entity (see e.g. Matter of Mendick v Sterling, 83 AD2d 749, 750 [1981]).
During each of the years in question, respondent Assessor for the Town of Corinth consistently treated petitioner as the owner of the property by notifying petitioner that it was required to make tax payments and, indeed, collecting taxes from petitioner. Under these circumstances, respondents are estopped from now claiming that petitioner was not the owner entitled to file a grievance complaint and therefore lacks standing to sue (see Chicago Tit. Ins. Co. v Mazula, 38 AD3d 1114, 1116 [2007]). The inconsistency in respondents' current position is further highlighted by the fact that, if the property had still been owned by the IDA as respondents claim, then it would have been tax exempt (see RPTL § 412-a; General Municipal Law § 874 [1]).
Even setting aside the estoppel issue, respondents failed to establish, as a matter of law, that petitioner was not the owner and therefore lacked standing to challenge the tax assessments for the years 2016 through 2019 (see BAC Home Loans Servicing, LP v Bixby, 135 AD3d 1009, 1010 [2016], lv dismissed 27 NY3d 1014 [2016]). Petitioner's conveyance of the ground lease to the IDA was "structured merely as a mechanism to facilitate financing and [was] not a genuine allocation of ownership in the agency" (Matter of Erie County Indus. Dev. Agency v Roberts, 94 AD2d 532, 539 [1983], affd 63 NY2d 810 [1984]; accord Davidson Pipe Supply Co. v Wyoming County Indus. Dev. Agency, 85 NY2d 281, 286 [1995]; see Vigliotti v Executive Land Corp., 186 AD2d 646, 647 [1992]). That is, the IDA assumed [*3]no risk of loss nor had an opportunity to gain, but merely acted to ensure that petitioner would qualify for tax exemptions (see Matter of Erie County Indus. Dev. Agency v Roberts, 94 AD2d at 540).
As for the 2020 petition, we agree with Supreme Court's determination that dismissal was required on the ground that petitioner failed to file a grievance complaint that year. In taking issue with this dismissal, petitioner relies upon certain executive orders that had tolled statutory limitations periods. However, notwithstanding these executive orders, the fact remains that the filing of a grievance complaint is a condition precedent to a tax certiorari proceeding (see Matter of Larchmont Pancake House v Board of Assessors and/or the Assessor of the Town of Mamaroneck, 33 NY3d 228, 235 [2019]; Matter of Frei v Town of Livingston, 50 AD3d 1381, 1382 [2008]), and it is undisputed that petitioner never filed any such grievance complaint in 2020. The remaining arguments advanced by petitioner in an effort to excuse its failure to file a grievance complaint are without merit. Finally, we find that Supreme Court acted within its discretion in denying petitioner's cross motion to amend its 2020 petition to add a cause of action sounding in CPLR article 78 (see Pagan v Quinn, 51 AD3d 1299, 1301 [2008]; Sadler v Town of Hurley, 304 AD2d 930, 931 [2003]).
Garry, P.J., Egan Jr., Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: We reject respondents' argument that petitioner's judicial estoppel claim has been improperly raised for the first time on appeal. Although petitioner did not explicitly label its argument below as one for judicial estoppel, petitioner did, in sum and substance, assert the elements of this claim. In any event, we will review an unpreserved judicial estoppel argument when it presents "an issue of law which appeared upon the face of the record and could not have been avoided by [respondents] if brought to [their] attention at the proper time" (State of New York v U.W. Marx Inc., 209 AD2d 784, 785 [1994]; see Walker v GlaxoSmithKline, LLC, 201 AD3d 1272, 1275 n 3 [2022]).