Matter of Culinary Arts Riverhead, LLC v Assessor of the Town of Riverhead (2023 NY Slip Op 02513)

Matter of Culinary Arts Riverhead, LLC v Assessor of the Town of Riverhead

2023 NY Slip Op 02513

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2021-01869
 (Index No. 615283/19)

[*1]In the Matter of Culinary Arts Riverhead, LLC, respondent, 
v
Assessor of the Town of Riverhead, et al., appellants.

Scott DeSimone, P.C., Peconic, NY, for appellants.
Cronin & Cronin Law Firm, LLC, Mineola, NY (Brad W. Cronin of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Real Property Tax Law article 7 to review a real property tax assessment for the 2018/2019 tax year, the appeal is from an order and judgment (one paper) of the Supreme Court, Suffolk County (John J. Leo, J.), dated December 30, 2020. The order and judgment granted the petitioner's motion, in effect, for summary judgment on the petition, denied the cross-motion of the Assessor of the Town of Riverhead, the Board of Assessors of the Town of Riverhead, the Board of Assessment Review of the Town of Riverhead, and the Town of Riverhead, in effect, for summary judgment dismissing the petition, directed the removal of the subject real property from the 2018/2019 assessment roll, and directed the return of taxes paid on the subject real property for the 2018/2019 tax year.
ORDERED that the order and judgment is affirmed, with costs.
Pursuant to a 2007 sale/lease back agreement, the Suffolk County Industrial Development Agency (hereinafter the IDA), which owns certain real property located in the Town of Riverhead (hereinafter the property), leases the property to the petitioner, who, in turn, subleases the property to Suffolk County Community College (hereinafter the college) for the college's culinary arts program. The property was tax exempt pursuant to General Municipal Law § 874 and Real Property Tax Law § 412-a, and, pursuant to a 2007 agreement with the IDA and the college (hereinafter the agreement), the petitioner was required to make certain payments in lieu of taxes (see generally General Municipal Law § 874; Matter of Regeneron Pharms. Inc. v McCarthy, 26 Misc 3d 1203[A], 2009 NY Slip Op 52638[U] [Sup Ct, Rensselaer County], affd 77 AD3d 1246). In May 2018, for the 2018/2019 tax year, the Town's Board of Assessors revoked the property's tax exempt status on the ground that the petitioner failed to make certain payments in lieu of taxes, and, pursuant to the agreement, the failure to make such payments permitted the IDA to convey the property back to the petitioner. However, the IDA did not convey the property back to the petitioner.
The petitioner filed a grievance complaint with the Town's Board of Assessment Review using a preprinted complaint form. The petitioner checked boxes on the form which indicated that it was asserting that the assessment was "unequal" and "excessive," and that the property had been misclassified. The petitioner did not check the box on the form which would [*2]indicate that it was asserting that the assessment was "unlawful" on the ground that the property was tax exempt. The grievance complaint was denied. Thereafter, the petitioner commenced this proceeding, asserting, inter alia, that the property's tax exempt status had been unlawfully revoked. The petitioner moved, in effect, for summary judgment on the petition, arguing that the facts were undisputed. The Town's Assessor, the Town's Board of Assessors, the Town's Board of Assessment Review, and the Town (hereinafter collectively the appellants) cross-moved, in effect, for summary judgment dismissing the petition on the ground that the petitioner did not check the box on the grievance complaint form which would indicate that it was asserting that the assessment was unlawful. The Supreme Court granted the petitioner's motion, denied the appellants' cross-motion, directed the removal of the property from the 2018/2019 assessment roll, and directed the return of taxes paid on the property for the 2018/2019 tax year. This appeal ensued.
Although the filing of a grievance complaint is a condition precedent to a tax certiorari proceeding (see Matter of Indeck-Corinth L.P. v Assessor for the Town of Corinth, 204 AD3d 1145, 1148; see also Real Property Tax Law § 706[2]; Matter of Larchmont Pancake House v Board of Assessors and/or the Assessor of the Town of Mamaroneck, 33 NY3d 228, 235), "if a complaint or a reasonable substitute therefor has been timely filed with the review board, that gives jurisdiction, and . . . other requirements are procedural and may be supplied by amendment or may be deemed waived by action of the board" (Matter of Raer Corp. v Village Bd. of Trustees of Vil. of Clifton Springs, 78 AD2d 989, 989; see Bergman v Horne, 100 AD2d 526, 527). "The Tax Law relating to review of assessments is remedial in character and should be liberally construed to the end that the taxpayer's right to have his [or her] assessment reviewed should not be defeated by a technicality" (People ex rel. New York City Omnibus Corp. v Miller, 282 NY 5, 9; see Matter of Plaro Estates, Inc. v Assessor, 101 AD3d 886, 888; Matter of Sivin v Board of Assessors, 57 AD3d 115, 117).
Contrary to the appellants' contention, the mere failure to check the box on the grievance complaint form which would indicate that the petitioner was asserting that the assessment was unlawful does not foreclose the petitioner from challenging the revocation of the property's tax exempt status. Sufficient facts were submitted to the Town's Board of Assessment Review to enable it to review the validity of the tax assessment and whether the revocation of the property's tax exempt status was proper (see Matter of DCH Auto v Town of Mamaroneck, 38 NY3d 278, 297). Further, the failure to check the appropriate box did not result in any prejudice to the appellants.
The appellants' remaining contentions either are without merit, need not be addressed in light of our determination, or are not properly before this Court.
Accordingly, the Supreme Court properly granted the petitioner's motion, in effect, for summary judgment on the petition, denied the appellants' cross-motion, in effect, for summary judgment dismissing the petition, directed the removal of the property from the 2018/2019 assessment roll, and directed the return of taxes paid on the property for the 2018/2019 tax year.
BARROS, J.P., IANNACCI, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court