Matter of Achille v Laveman (2024 NY Slip Op 00763)

Matter of Achille v Laveman

2024 NY Slip Op 00763

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2021-02643
 (Index No. 613079/20)

[*1]In the Matter of Maryse Achille, et al., respondents,
v
Robin S. Laveman, etc., et al., appellants.

Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for appellants.
Litt Law Group, LLC, Rockville Centre, NY (Robert G. Litt of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Assessment Review Commission dated October 13, 2020, which denied the petitioners' request to reinstate and amend their applications for corrections of assessments for the 2021/2022 tax year, the appeal is from a judgment of the Supreme Court, Nassau County (Thomas Rademaker, J.), entered March 17, 2021. The judgment granted the petition, annulled the determination, and remitted the matter to the Nassau County Assessment Review Commission for reinstatement and amendment of the applications and consideration on the merits thereof.
ORDERED that the judgment is affirmed, with costs.
The petitioners are the former owners of certain separate lots of real property located in Nassau County. In 2020, the petitioners filed separate applications for corrections of assessments for the 2021/2022 tax year with the Nassau County Assessment Review Commission (hereinafter ARC). ARC sent form letters dated July 8, 2020, to the petitioners stating that their applications were defective because "[t]he authorization[s] [were] missing." The form letters instructed each petitioner to correct the defect by submitting an authorization in compliance with ARC rules by August 12, 2020. Prior to the deadline, the petitioners filed five authorizations signed by the current owners of each subject property, designating the petitioners' counsel as their representative. By form letters dated September 4, 2020, ARC dismissed the applications, concluding that the authorizations were not valid. The petitioners requested that ARC reinstate and amend the applications so that the current owners could be substituted for the petitioners as named applicants. In an email dated October 13, 2020, ARC refused to reinstate or amend the applications, reasoning that dismissed applications cannot be amended.
The petitioners thereafter commenced this proceeding pursuant to CPLR article 78 against various Nassau County officials to review ARC's determination. The Supreme Court granted the petition, annulled the determination dated October 13, 2020, which denied the petitioners' request, inter alia, to reinstate the applications, and remitted the matter to ARC for reinstatement and amendment of the applications and consideration on the merits thereof. This appeal ensued.
The Supreme Court properly determined that the petitioners had exhausted their administrative remedies prior to commencing this proceeding. "Generally, a party who objects to the determination of an administrative agency is required to exhaust all available administrative remedies before seeking judicial review" (Matter of Swinton v United Fedn. of Teachers, Local 2, Am. Fedn. of Teachers [AFT], Am. Fedn. of Labor & Congress of Indus. Orgs. [AFL-CIO], 197 AD3d 1114, 1115; see Matter of Kaneev v City of New York Envtl. Control Bd., 149 AD3d 742, 743). Here, ARC unequivocally denied the petitioners' request to reinstate and amend the applications on October 13, 2020, when it stated that dismissed applications could not be amended. Under these circumstances, the petitioners exhausted their administrative remedies prior to commencing this proceeding (see Matter of Kaneev v City of New York Envtl. Control Bd., 149 AD3d at 744).
The Supreme Court also properly determined that ARC's determination not to reinstate and amend the applications was arbitrary and capricious. In a CPLR article 78 proceeding to review a determination of an administrative agency made without an evidentiary hearing, the standard of review is whether the "determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803[3]; see Matter of 96 Wythe Acquisition, LLC v Jiha, 165 AD3d 1100, 1101; Matter of Wilson v New York City Dept. of Hous. Preserv. & Dev., 145 AD3d 905, 907). Judicial review "is limited to whether [the] determination was arbitrary [and] capricious or without a rational basis in the administrative record, and once it has been determined that an agency's conclusion has a sound basis in reason . . . the judicial function is at an end" (Matter of Woodson v Town of Riverhead, 203 AD3d 935, 937 [internal quotation marks omitted]; see Matter of Espinal v County of Nassau, 172 AD3d 1064, 1066).
A complaint with respect to an assessment must be filed "by the person whose property is assessed, or by some person authorized in writing by the complainant . . . to make such statement" (RPTL 524[3]; see Matter of DCH Auto v Town of Mamaroneck, 38 NY3d 278, 291; Matter of Indeck-Corinth L.P. v Assessor for the Town of Corinth, 204 AD3d 1145). Where ARC determines that an application is defective, it is required to "notify the applicant of such defect or defects, and provide him or her with the opportunity to cure such defect or defects within thirty-five days from the date of the mailing of the notice" (RPTL 523-b[6][d]).
Here, ARC's determination denying the petitioners' request was arbitrary and capricious and without a rational basis in the administrative record. ARC was required to notify the petitioners of any defects in their initial applications and give them an opportunity to cure those defects (see id.). ARC dismissed the applications prior to informing the petitioners that their applications were defective because they were not filed by the current owners whose property was being assessed or the current owners' representatives as required by Real Property Tax Law § 524(3). ARC's failure to notify the petitioners of the defects and provide an opportunity to cure, as required by Real Property Tax Law § 523-b(6)(d), was without a rational basis, and therefore, the Supreme Court properly granted the petition, annulled the determination, and remitted the matter to ARC (see Matter of Espinal v County of Nassau, 172 AD3d at 1066; Matter of Malverne Volunteer Fire Dept. v New York State Off. of Fire Prevention & Control, 96 AD3d 1062, 1063).
MALTESE, J.P., GENOVESI, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court