Matter of Marzen v New York City Dept. of Corr. (2026 NY Slip Op 01065)

Matter of Marzen v New York City Dept. of Corr.

2026 NY Slip Op 01065

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2024-07293
 (Index No. 718254/22)

[*1]In the Matter of Robert Marzen, respondent,
vNew York City Department of Correction, appellant.

Steven Banks, Corporation Counsel, New York, NY (Devin Slack and Jamison Davies of counsel), for appellant.
Harary Law, New York, NY (Charles Harary of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the New York City Department of Correction to submit the petitioner's disciplinary case to the New York City Office of Administrative Trials and Hearings for adjudication pursuant to Civil Service Law § 75, the New York City Department of Correction appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered April 15, 2024. The order and judgment granted the petition and denied the cross-motion of the New York City Department of Correction to dismiss the petition.
ORDERED that the order and judgment is reversed, on the law, with costs, the petition is denied, the cross-motion of the New York City Department of Correction to dismiss the petition is granted, and the proceeding is dismissed.
In July 2020, the petitioner, an employee of the New York City Department of Correction (hereinafter DOC), was served with disciplinary charges. In February 2021, the charges were upheld by a DOC human resources representative. Thereafter, the petitioner executed a waiver of the right to a hearing pursuant to Civil Service Law § 75. In August 2021, a DOC labor relations representative upheld the charges. In September 2022, the petitioner commenced this proceeding pursuant to CPLR article 78 to compel DOC to submit his disciplinary case to the New York City Office of Administrative Trials and Hearings (hereinafter OATH) for adjudication pursuant to Civil Service Law § 75. DOC cross-moved to dismiss the petition on the ground, inter alia, that the proceeding is time-barred. In an order and judgment entered April 15, 2024, the Supreme Court granted the petition and denied the cross-motion. DOC appeals.
A proceeding pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner (see id. § 217[1]; Matter of Kaneev v City of New York Envtl. Control Bd., 149 AD3d 742, 744). "'An administrative determination becomes final and binding' within the meaning of CPLR 217(1) 'when the petitioner seeking review has been aggrieved by it'" (Matter of Campos v New York City Dept. of Corr., 172 AD3d 1202, 1203 [internal quotation marks omitted], quoting Matter of Caslin v Nassau County Civ. Serv. Commn., 104 AD3d 684, 684). Here, the petitioner executed the waiver on February 11, 2021, and DOC's labor relations representative upheld the disciplinary charges [*2]against the petitioner on August 4, 2021. Since the petitioner did not commence the instant proceeding until September 1, 2022, the proceeding is time-barred pursuant to CPLR 217(1) (see Matter of Campos v New York City Dept. of Corr., 172 AD3d at 1203).
Accordingly, the Supreme Court should have granted DOC's cross-motion to dismiss the petition on the ground that the proceeding is time-barred.
The parties' remaining contentions need not be reached in light of the foregoing.
BARROS, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court